#### No. 711
#### CARR v. STATE

Ohio Appeals, 1st Dist., Butler Co.

No. 297.   Decided June 1, 1926

683. JURY—Where juror on voir dire states that he has not formed or expressed an opinion as to guilt of defendant, and subsequently it is disclosed that he had made and expressed an opinion unfavorable to said defendant, he is not a qualified juror; and the jury upon which he served is not such a jury as is guaranteed by our constitution and laws.

CUSHING, J.

Walter Carr was indicted for having solicited a bribe while acting as a county commissioner of, Butler County. He was found guilty in the Butler Common Pleas as charged in the indictment, and was sentenced.

Error was prosecuted to the Court of Appeals which court confined itself solely to the charge that one Price, a juror, was not qualified on account of his examination on voir dire, to be a juror. Price stated that he had expressed no opinion as to the innocence or guilt of Carr; that he had no opinion as to his guilt; and that there was no reason why he, as a juror, could not render a fair and impartial verdict in the case.

Affidavits showed that Price had talked about the case; had expressed his opinion as to Carr being a crook; that he was guilty of the offense charged; that he ought to be convicted; and would be if he (Price) were a member of the jury. Carr and his attorneys made affidavit that they did not know of these statements prior to May 6, 1925.

The Court of Appeals held:

1. From the record of the examination on voir dire it is clear that Price had an opinion on the subject of the innocence or guilt of Carr that he concealed.

2. Price under oath, denied he had formed or expressed an opinion and yet the testimony of Price's neighbors stands, that he had an an opinion and expressed it, in view of his sworn statement that he had no opinion on the subject.

3. The question is not whether Carr was guilty or was not guilty; but whether a person called as a juror can evade, misstate or swear falsely to questions of vital importance, not only to the state, but to citizens, and still be a qualified juror.

4. With Price qualified as a juror in this case, there was not a jury in the sense that is guaranteed by the constitution and the law of this state.

Judgment reversed and cause remanded.

Attorneys—Andrews, Andrews & Rogers, Warren Gard, M. O. Burns, & Bickley & Bickley, Hamilton, for Carr; P. P. Boli, Hamilton, Raymond Ratliff, Cincinnati and C. W. Elliott, Middletown, for State.