Faucett, a Minor, *v.* Hensley.

(Decided June 17, 1929.)

*Mr. M. O. Burns* and *Mr. Warren Gard,* for plaintiff in error.

*Messrs. Andrews, Andrews & Rogers,* for defendant in error.

CUSHING, P. J.   Juanita June Faucett brought an action against Betty Hensley for damages, claiming that she was a pedestrian crossing Main street and Dick avenue in the city of Hamilton; that Betty Hensley drove an automobile at an unlawful and dangerous rate of speed, to wit, thirty miles an hour; that the defendant, Hensley, because of lack of skill, want of experience, and severe nervous illness, was driving said automobile on the wrong side of the street; that Juanita June Faucett was on the street in plain view, and Betty Hensley drove said automobile into her.

In her answer, Betty Hensley alleged that she was properly driving the automobile on the street, and that Juanita June Faucett ran into the side of the left front fender of said automobile.

The jury returned a verdict for the defendant. Judgment was entered thereon, and this action is prosecuted to reverse that judgment.

Numerous errors are assigned, of which but three were argued orally and in the briefs of counsel.

I.   It is claimed that there was not a jury of twelve persons qualified under the law of Ohio.

It is urged that Elizabeth L. Thomas was not qualified to act as a juror in the case, for the reason that her husband had an interest in an automobile insurance agency company, which fact she did not disclose on examination of the prospective jurors. Affidavits were filed in support of and against the motion for a new trial on the ground that Mrs. Thomas was not qualified. The case of *Carr* v. *State,* decided by this court June 1, 1926, 22 Ohio App., 78, 153 N. E., 233, is cited as an authority in support of the contention that a qualified jury was not impaneled in the case at bar. The record in this case does not disclose what questions were asked, nor what answers were made, while in the *Carr case* there was a complete record. The affidavits in this case are in direct conflict, and, so far as we know, are by persons of equal credibility. On this state of the record, and in view of the finding of the trial court that no prejudicial error intervened, we cannot say that there was not a jury of twelve persons qualified under the law.

II. It is claimed that the court erred in its charge to the jury.

Practically the first six pages of the charge were used by the court in stating to the jury the substance of the pleadings. After so doing, the court said: "The issues present for your consideration and determination three principal propositions. First, was the defendant negligent in any or all of the particulars complained of in the petition? If so negligent, was this negligence the sole proximate cause of the injury of which plaintiff complains? Third, did the negligence or want of care charged against

the plaintiff by the answer in this case cause or produce the injuries which she sustained?''

The Supreme Court of Ohio has stated the rule by which courts should be guided in charging juries in the case of *B. & O. Rd. Co.* v. *Lockwood,* 72 Ohio St., 586, (74 N. E., 1071), wherein it is stated that ''it is the duty of the court to separate and definitely state to the jury the issues of fact made in the pleadings * * *.''

While this language seems to be plain, trial courts disregard it. To ''separate'' means to disconnect; to divide; to sever. It does not mean either to read the pleadings or to state the substance thereof.

The other word of importance used by the Supreme Court is to ''definitely'' state to the jury the issues. That means to state them with certainty.

In the case at bar, the court further charged: ''Was this negligence the sole proximate cause of the injury of which plaintiff complains?'' This is not a correct application of the law. The negligence complained of must be the proximate cause.

We find that there was prejudicial error in the charge of the court, in its failure to separate and definitely state the issues, and in charging that the negligence must be the sole proximate cause of the injury.

III. It is also urged that the verdict is not supported by sufficient evidence.

Much of the record contains matters entirely immaterial to the issues.

We call attention to the testimony of Miss Kasson, a passenger in the Hensley automobile. She testified that she called to Miss Hensley, the driver, that another child (the plaintiff) was coming. It is evident

from this that the driver of the automobile did not see this child, and therefore was not exercising due care for others in the street.

For errors in the court's charge, and because the judgment is against the weight of the evidence, the judgment will be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

Ross and HAMILTON, JJ., concur.