## STATE v HIGGINS

Ohio Appeals, 1st Dist., Hamilton Co.

No. 6071. Decided Feb. 24, 1942

Carl W. Rich, Cincinnati, and Theodore M. Berry, Cincinnati, for appellee.

Chester R. Shook, Cincinnati, Froome Barbour, Cincinnati, and George C. Allen, for appellant.

## OPINION

**BY THE COURT:**

The evidence adduced at the trial was not brought upon the record by a bill of exceptions. We must assume that the conviction of the appellant of second degree murder was adequately supported by the evidence.

There is in the file an affidavit of one of the jurors that during the trial she was accosted by an unknown person who said to her: "I want you to send her to the penitentiary for life". and that this person was in attendance during the entire trial. The affidavit is silent as to whether this incident influenced the juror in any way. She did take precaution not to have the incident repeated.

The trial court refused to grant a new trial on this ground.

We are of the opinion that the incident was not of such gravity as to justify this court in overruling the discretion of the trial judge, in the absence of a bill of exceptions. It does not show misconduct on the part of the juror. It does show reprehensible conduct on the part of the person who accosted the juror for which punishment for contempt of court would be entirely justified, but that is not sufficient to invalidate a judgment which is otherwise flawless.

While **Northern Ohio Traction Co. v**

Mitchell, 21 C. C. (N.S.) 177, does hold that the receipt of an anonymous letter by a juror requires the granting of a new trial without proof that the jurror was influenced by it, the only case relied upon to support that broad rule is McDaniel v McDaniel, 40 Vt. 363, from which the court quoted extensively. The quotation shows that the court did not intend to declare that in all cases such an incident invalidates the verdict. Indeed, in the quotation relied on, it is stated: "It is quite enough that in a doubtful case conversations were had with the jurors during the progress of the trial for the purpose of influencing and directly calculated to influence them to render just the verdict they wanted."

And that is the general rule. People v Strause, 22 A. L. R. (299 Ill. 259) 235 at 255.

The evidence in the case at bar is not before us. It may have been overwhelming of guilt. Notwithstanding the plea of not guilty, the defendant may have convicted herself by her own testimony. We certainly cannot say that this is a doubtful case, the scales in which might be affected by such a happening.

The judgment is affirmed.

MATTHEWS, PJ., HAMILTON & ROSS, JJ., concur.