The STATE of Ohio, Appellee,

v.

TAYLOR, Appellant.

[Cite as *State v. Taylor* (1991), 73 Ohio App.3d 827.]

Court of Appeals of Ohio,
Pike County.

No. 452.

Decided July 9, 1991.

Robert N. Rosenberger, for appellee.
John D. Hobday,[1] for appellant.

PETER B. ABELE, Judge.

This is an appeal from a judgment of conviction and sentence and from a judgment overruling appellant's motion for new trial entered by the Pike County Common Pleas Court. The jury found Ronald Taylor, the defendant below and appellant herein, guilty of two counts of knowingly selling or

1. Appellant was represented by different counsel at trial.

offering to sell a controlled substance, a Schedule II drug, in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount (aggravated trafficking), in violation of R.C. 2925.03(A)(5).

Appellant assigns the following error:

"The court below erred in overruling the defendant's motion for a new trial based on juror misconduct and further erred in denying defendant's motion for reconsideration of said order."

On October 5, 1989, a jury found appellant guilty of two counts of knowingly selling or offering to sell a controlled substance in violation of R.C. 2925.03(A)(5). On October 16, 1990, appellant filed a motion requesting the court below to order a new trial.

Appellant's motion for a new trial and attached affidavits asserted that acts constituting juror misconduct occurred during the trial. On November 21, 1989, the court issued an entry that, *inter alia*, overruled appellant's motion for a new trial. The court stated that appellant should have informed the court of the alleged misconduct prior to the conclusion of the trial, thereby providing the court an opportunity to investigate and address the alleged irregularities.

On December 18, 1989, appellant filed a motion with the trial court requesting the court to reconsider its previous ruling regarding the motion for a new trial. Appellant asserted he was unaware of the alleged acts of juror misconduct until after the trial was concluded. Based upon appellant's assertion, the court below scheduled a hearing to reconsider appellant's motion for a new trial.

At the February 7, 1990 hearing, four witnesses testified that during a recess in appellant's trial, they overheard a portion of a juror's conversation with other members of the jury. The conversation occurred in a hallway near the courtroom. The witnesses testified, in essence, that during the recess the juror in question stated he had formed an opinion as to the guilt or innocence of appellant. At the hearing the trial court called the juror in question as a witness and made inquiries concerning statements he made during the recess. Counsel for both parties also conducted an examination of the juror.

During the examination of the juror, the following exchange occurred:

"Q. Okay, at some point or other, do you remember making a statement to either Arlie Adams or Mr. Cooper that you had your mind made up, or words to that effect? I * * * the exact words * * *.

"A. No, I don't remember.

" * * *

"Q. Okay, and you recall after the testimony, the Court gave instructions as to the law, do you recall that?

"A. Yes.

"Q. Okay, did you listen to those instructions?

"A. Yes.

"Q. And I guess * * * at the end of that and prior to going upstairs, had you made up your mind as to one way or another in that case?

"A. Not that I can recall, really.

"Q. Okay, your mind was still open?

"A. Yes."

Testimony elicited at the hearing further indicated that two other jurors, during a recess in appellant's trial, conversed with a defense witness. The defense witness testified the two jurors inquired about her current and former employment:

"A. One lady asked me, she said, 'Do * * * you work at Big Bear, don't you?' and I said, 'Yes.' She said, 'My mother retired from Big Bear at Circleville,' and I said, 'She did?' and she said, 'The Big Bear jobs aren't as good as they used to be, are they?' I said, 'Well the pay and the benefits is not quite as good as they were to new employees,' and then this other juror that was seated besides * * *.

" * * * *

"*BY THE COURT:* I'll permit her to go ahead and tell us what she's heard or what happened.

"Q. Okay.

"A. * * * So anyhow, then this other juror that was seated right beside of this lady * * *. I don't really know this first lady's name * * * the second one, she asked me, she said, 'Well, didn't you used to work in Kindergarten out at Parker School?' and I said, 'Yes, I did a few years back.' She said, 'You worked out there when my son was in kindergarten,' and I said, 'Yes, I recall seeing you, I think, at parties and things,' and she said, 'Oh, he's a big boy now,' she just said he'd gotten his license or was getting his license."

After considering the evidence adduced at the hearing and the arguments of counsel, the court below overruled appellant's motion for a new trial. It is from this finding that appellant has filed this appeal.

In his sole assignment of error, appellant asserts the trial court erred by overruling his motion for new trial and erred by overruling his motion for reconsideration. However, contrary to appellant's assertions we find the court below granted appellant's motion for reconsideration. The court con-

ducted the February 7, 1990 hearing for the sole purpose of reconsidering appellant's motion for new trial. We will now discuss whether the court erred by overruling appellant's motion for new trial.

Appellant contends the three jurors committed acts that constituted juror misconduct and a new trial is required. Appellee, in contrast, asserts the jurors did not commit misconduct. Appellee maintains the record does not support appellant's contention that the first juror had formed an opinion as to appellant's guilt or innocence prior to the conclusion of the trial. Further, appellee contends the other two jurors' inquiries regarding the defense witness's employment did not involve matters pertaining to appellant's trial. In the alternative, appellee contends that if the alleged communications did constitute juror misconduct, the communications were not prejudicial and the trial court did not abuse its discretion in overruling appellant's motion.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a defendant accused of a state criminal violation shall be tried before a panel of fair and impartial jurors. See *Duncan v. Louisiana* (1968), 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, and *State v. King* (1983), 10 Ohio App.3d 161, 10 OBR 214, 460 N.E.2d 1383. See, also, Section 10, Article I, Ohio Constitution.

The conclusions reached in a case should be generated only by evidence and argument in open court, and not by any outside influence. *Patterson v. Colorado* (1907), 205 U.S. 454, 27 S.Ct. 556, 51 L.Ed. 879. The jury is obligated to decide a case solely on the evidence. Moreover, any communication or contact outside the courtroom or jury room about the matter at trial between a juror and another person, particularly if connected with one of the parties to the litigation, and any independent inquiry or experiment by a juror about the evidence or the law, violate the juror's duty to limit his considerations to the evidence, arguments and law presented in open court. *King, supra.* Any such activity is juror misconduct. *Id.*

Additionally, if a juror refuses to consider the evidence or forms an opinion as to guilt or innocence before all the evidence is presented, such activity constitutes juror misconduct. See *Carr v. State* (1926), 22 Ohio App. 78, 153 N.E. 233; *Busick v. State* (1850), 19 Ohio 198; and *State v. Carter* (1890), 11 Ohio Dec.Rep. 123.

In *State v. Kehn* (1977), 50 Ohio St.2d 11, 19, 4 O.O.3d 74, 78, 361 N.E.2d 1330, 1335, the Ohio Supreme Court wrote:

"It is a long-standing rule of this court that we will not reverse a judgment because of the misconduct of a juror unless prejudice to the complaining party is shown. *Armleder v. Lieberman* (1877), 33 Ohio St. 77."

More recently, in *State v. Hipkins* (1982), 69 Ohio St.2d 80, 83, 23 O.O.3d 123, 125, 430 N.E.2d 943, 945–946, the court stated:

"A new trial may be granted for the misconduct of the jury *where the substantial rights of the defendant have been materially affected.* R.C. 2945.79(B); *Weis v. State* (1872), 22 Ohio St. 486. See, also, Crim.R. 33(A); R.C. 2945.79(A). Conversations by a third person with a juror during the progress of a trial for the purpose of influencing the verdict may invalidate the verdict, but where there is nothing in the record to demonstrate that the decision might have been influenced by such conversation, the refusal of the trial court to grant a new trial will not be disturbed. *State v. Higgins* (1942), 70 Ohio App. 383 [23 O.O. 241, 41 N.E.2d 1022]." (Emphasis added.)

In *King, supra,* the First District Ohio Court of Appeals held that where juror misconduct exists, the misconduct will be presumed to have prejudiced the defendant unless the state demonstrates that no prejudice occurred:

"Not every instance of juror misconduct requires reversal. The misconduct must be prejudicial. While Ohio has not spoken directly to the question of the burden of proof to demonstrate prejudice once the existence of juror misconduct has been established, we believe the better rule is that *all juror misconduct is presumed to be prejudicial, and the prevailing party (the state, in our case) has the burden to demonstrate that the misconduct was not prejudicial under the circumstances.* This procedure is set forth in *Remmer v. United States* (1954), 347 U.S. 227, 229 [74 S.Ct. 450, 451, 98 L.Ed. 654, 655] * * * as follows:

" 'In a criminal case, any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant.' " (Emphasis added.) *King, supra,* 10 Ohio App.3d at 165–166, 10 OBR at 219, 460 N.E.2d at 1388. See, also, *State v. Hart* (1988), 57 Ohio App.3d 4, 566 N.E.2d 174, where the Sixth District Court of Appeals adopted the jury misconduct presumption the First District announced in *King, supra.*

Although not all Ohio courts have adopted the *King* jury misconduct presumption, Crim.R. 33(A) and accompanying case law expresses the *King* and *Hart* concern that judgments be reversed where juror misconduct prejudices substantial rights of a defendant. Crim.R. 33(A) provides:

"A new trial may be granted on motion of the defendant for any of the following causes *affecting materially his substantial rights:*

" * * *

"(2) Misconduct of the jury * * *." (Emphasis added.)

The analysis of a case involving alleged juror misconduct requires a two-tier inquiry. First, it must be determined whether there was juror misconduct. Second, if juror misconduct is found, it must then be determined whether the misconduct materially affected appellant's substantial rights.

When making our determinations we must recognize that rulings on motions for new trials are within the sound discretion of the trial court and may not be disturbed on appeal absent a clear showing that the court abused its discretion. *Toledo v. Stuart* (1983), 11 Ohio App.3d 292, 11 OBR 557, 465 N.E.2d 474, and *State v. Shepard* (1983), 13 Ohio App.3d 117, 13 OBR 135, 468 N.E.2d 380. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. *State v. Moreland* (1990), 50 Ohio St.3d 58, 552 N.E.2d 894, and *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

In the case *sub judice*, the trial court conducted a hearing to determine, *inter alia*, whether the first juror formed an opinion as to the guilt or innocence of appellant before all the evidence was submitted. We find that substantial evidence exists in the record to support a determination that the first juror committed no juror misconduct. Under the circumstances, we must defer to the trier of fact who had the opportunity to hear the witnesses and observe their demeanor. See *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304; *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523; *State v. Thomas* (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356. We are not inclined to substitute our judgment for the trial court's judgment concerning the credibility of the juror and the other witnesses who testified at the hearing.

We further find that substantial evidence exists in the record to support a determination that the two jurors who spoke to the defense witness did not commit juror misconduct. The record reveals the two jurors did not obtain information violative of their duty to limit their considerations to the evidence, arguments and law presented in open court. The conversations did not involve matters related to the proceeding below. There is nothing in the record to indicate their verdicts were influenced by their brief conversations with the defense witness. Accordingly, we find that the trial court did not abuse its discretion in overruling appellant's motion for new trial.

Therefore, for the foregoing reasons appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON, P.J., and GREY, J., concur.