OPINION
{¶ 1} Appellant-Defendant, William R. Solomon, appeals a Marion County Common Pleas Court judgment, sentencing Solomon upon his conviction for two counts of domestic violence, six counts of violation of a protection order, one count of intimidation, and one count of retaliation. Solomon contends the prosecutor engaged in prosecutorial misconduct by charging Solomon with both intimidation and retaliation and that the trial court erred in entering a conviction for both intimidation and retaliation. Additionally, Solomon contends he was denied his right to effective assistance of counsel, citing trial counsel's failure to object to the multiple count indictment, failure to file a pre-trial recusal motion, and failure to allow Solomon to testify in his own defense. Finally, Solomon contends the trial court's failure to grant a mistrial was error. Upon review, we find appellant's assignments of error lack merit, and we affirm the judgment of the trial court.
 {¶ 2} On March 20, 2003, Solomon was arrested at his home in Marion, Ohio, following a report of domestic abuse. The domestic dispute arose between Solomon and his estranged wife, Lori Solomon, over a custody issue concerning their daughter, Marie Solomon. The situation involved two separate incidents of violence, whereby Solomon grabbed and punched Lori in the head and back and put a lit cigarette out on Lori's forehead. Ultimately, Solomon was able to obtain physical control of Marie, by pulling Marie out of Lori's car, dragging her into Solomon's house, and slamming her into the wall.
 {¶ 3} Lori, then contacted the police, who went to Solomon's house. There, the police were able to make contact with Marie through an upstairs window. They noted she was visibly upset and afraid to open the door. Eventually, the police were able to persuade Marie to open the front door for the officers. Once inside the house, the police took Solomon into custody.
 {¶ 4} In custody, Solomon attempted to repeatedly contact Marie by telephone. During the nights of March 20, 2003, and March 21, 2003, Solomon made several phone calls to Marie, ultimately telling her, "Well, I'll see a judge tomorrow and I'll be bound out, so I'll deal with you tomorrow." Marie testified she understood Solomon's comments to mean that Solomon intended to punish her and that she was scared of her father.
 {¶ 5} Subsequently, on March 21, 2003, the Marion Municipal Court issued a Criminal Temporary Protection Order against Solomon, pursuant to R.C. 2919.26, naming both Lori and Marie, as well as Lori's other family members, as victims.
 {¶ 6} In April of 2003, the Marion County Grand Jury indicted Solomon on two counts of domestic violence in violation of R.C.2919.25(A), a felony of the fifth degree, one count intimidation in violation of R.C. 2921.04(B), a felony of the third degree, and four counts of violation of a protection order in violation of R.C. 2919.27(A)(1), a misdemeanor of the first degree.
 {¶ 7} In June of 2003, two more indictments were filed. The first charged two additional counts of violation of a protection order in violation of R.C. 2919.27(A)(1). The second charged one additional count of domestic abuse in violation of R.C.2919.25(A) and two counts of retaliation in violation of R.C.2921.05(A), a felony of the third degree.
 {¶ 8} All counts were merged and a jury trial was held in October of 2003. During the trial, the State withdrew one count of retaliation. Upon the presentation of all evidence, the jury found Solomon guilty of all counts, except for one count of domestic violence.
 {¶ 9} Subsequently, Solomon was sentenced upon his convictions to four years and eleven months in prison. It is from this judgment that Solomon appeals and presents the assignments of error which follow for our review.
 Assignment of Error Nos. I II The prosecutor engaged in prosecutorial misconduct by chargingdefendant-appellant with multiple counts in multiple indictmentsfor the same criminal act, when the evidence was insufficient tosupport violations of Ohio revised Code Sections 2921.05(a)and/or 2921.04(b).
 The trial court erred in convicting defendant-appellant ofmultiple counts where the same conduct by defendant-appellantconstitutes two or more allied offense of similar import.
 {¶ 10} In the first assignment of error, Solomon asserts the prosecutor committed prosecutorial misconduct by charging Solomon with both intimidation and retaliation. In the second assignment of error, Solomon asserts the trial court erred in entering convictions on both intimidation and retaliation because they are allied offenses. Because these assignments of error are interrelated, we will address them together.
 {¶ 11} R.C. 2941.25 governs the merging of allied offenses and provides,
(A) Where the same conduct by a defendant can be construed toconstitute two or more allied offenses of similar import, theindictment or information may contain counts for all suchoffenses, but the defendant may be convicted of only one. [But]
 (B) * * * Where his conduct results in two or more offenses ofthe same or similar kind committed separately or with separateanimus as to each, * * * the defendant may be convicted of all ofthem.
 {¶ 12} In State v. Rance (1999), 85 Ohio St.3d 632,638-639, the Ohio State Supreme Court held that when analyzing whether two crimes constitute allied offenses,
[c]ourts should assess, by aligning the elements of each crimein the abstract, whether the statutory elements of the crimescorrespond to such a degree that the commission of one crime willresult in the commission of the other. And if the elements do socorrespond, the defendant may not be convicted of both unless thecourt finds that the defendant committed the crimes separately orwith separate animus.
Consequently, if the court finds that the offenses are not allied our inquiry under R.C. 2941.25 ends and the defendant may be convicted and sentenced for both offenses. Rance,85 Ohio St.3d at 638-639. However, if we determine that the offenses are allied, the defendant may only be convicted and sentenced for one offense unless the two offenses were committed with separate animus. R.C. 2941.25(B); Rance, 85 Ohio St.3d at 636; State v.Logan (1979), 60 Ohio St.2d 126.
In determining how to apply the Rance test, we noted inState v. Cooper, 3d. Dist. No. 3-02-02, 2003-Ohio-4236, ¶ 25, 29, that while some courts had read Rance to "require a double set of corresponding elements," we "conclude that Rance does not require a double set of corresponding elements." In other words, while some appeal courts have required that "the elements of both statutes correspond so that the commission of each offense constitutes the commission of the other," we are satisfied that Rance only requires the "commission of one crime to result in the commission of the other." Id. The issue is currently pending before the Supreme Court for decision. Statev. Cooper, 101 Ohio St.3d 1487, 2004-Ohio-1293.
Regardless, of which standard is applied, aligning the elements of Solomon's offenses, we determine that intimidation and retaliation are not allied offenses of similar import. Intimidation requires that:
[n]o person, knowingly and by force or by unlawful threat ofharm to any person or property, shall attempt to influence,intimidate, or hinder the victim of a crime in the filing orprosecution of criminal charges or an attorney or witnessinvolved in a criminal action or proceeding in the discharge ofthe duties of the attorney or witness. R.C. 2921.04(B).
Retaliation, however, requires that:
[n]o person, purposely and by force or by unlawful threat ofharm to any person or properly, shall retaliate against a publicservant, a party official, or an attorney or witness who isinvolved in a civil or criminal action or proceeding because thepublic servant, party official, attorney, or witness dischargedthe duties of the public servant, party official, attorney, orwitness. R.C. 2921.05(A).
 {¶ 13} While the statutory language is similar, each offense requires proof of an element that the other does not. Intimidation requires some threat or coercion intended to inhibit future activity and retaliation requires an action taken in return for a past activity. Clearly, these are separate and distinct. And, the commission of one crime does not result in the commission of the other. Thus, because each offense requires proof of an element that the other does not, they are not allied offenses of similar import. The second assignment of error is overruled.
 {¶ 14} In the first assignment of error, Solomon asserts that the prosecutor committed prosecutorial misconduct, in charging the allied offenses of intimidation and retaliation.
 {¶ 15} The prosecutor was clearly permitted to charge both intimidation and retaliation. First, under R.C. 2941.25(A), a prosecutor is expressly authorized to bring charges even it they are allied offenses, although the defendant may not be convicted on both. Thus, even if we had found that intimidation and retaliation were allied offenses, that analysis is irrelevant to a prosecutor's decision to charge.
 {¶ 16} Additionally, two or more offenses may be charged in the same indictment in a separate count for each offense if the offenses charged, as in the instant case, are based on the same act or transaction. R.C. 2941.25(B); Ohio Rules of Criminal Procedure, Rule 8(A). More over, the prosecution is not required to elect between the different counts and a defendant may be convicted of any number of the offenses charged. O.R.C. 2941.04. The prosecution has broad discretion to determine charges to be brought against a defendant; vindictiveness or desire to penalize the accused may not be presumed. State v. Wilson (1988),47 Ohio App.3d 136.
 {¶ 17} Having found that the prosecutor was clearly authorized to charge Solomon with both intimidation and retaliation, the first assignment of error is overruled.
 Assignment of Error No. III Defendant-appellant was denied his sixth amendement right toeffective assistance of counsel by trial counsel's faulure toobject to multiplue counts in the indictment, failure to filepretrial motions and his election not to allowdefendant-appellant to testify in his own dfense.
 {¶ 18} In the third assignment of error, Solomon contends his Sixth Amendment right to effective counsel was denied by trial counsel's failure to object to the charging of multiple counts, by his failure to file a pretrial motion to recuse Judge Robert S. Davidson and by his failure to allow Solomon to testify.
 {¶ 19} An ineffective-assistance-of-counsel claim requires proof that trial counsel's performance fell below the objective standards of reasonable representation and that the defendant was prejudiced as a result. State v. Bradley (1989),42 Ohio St.3d 136, para. two of syllabus. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. Id. at para. three of syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. State v. Johnson (1988), 39 Ohio St.3d 48, 60.
 {¶ 20} In light of our disposition of the first assignment of error, we cannot find that there is a reasonable probability that Solomon's claimed deficiency of trial counsel's failure to object to the charging of Solomon with both intimidation and retaliation would have changed the result of the trial. Accordingly, Solomon's argument is not well taken.
 {¶ 21} Solomon also argues that defense counsel was ineffective because he failed to file a pretrial motion to recuse Judge Robert S. Davidson. To support his contention, Solomon cites a pro se motion he filed in September of 2003, where Solomon claimed he had filed a grievance against Judge Davidson "in the year of or around 1987."
 {¶ 22} A judge is presumed to be unbiased and unprejudiced over the matters in which he presides. In re Disqualification ofOlivito (1994), 74 Ohio St.3d 1261, 1263. Thus, the appearance of any bias or prejudice on behalf of a judge must be compelling to overcome the presumption of his integrity. Id. Solomon has failed to present any compelling evidence to overcome this presumption. The allegation of a grievance filed sixteen years earlier, without more, is insufficient to overcome the presumption. Further, our review of the record does not reveal any evidence of prejudice or bias on the part of the trial judge.
 {¶ 23} Finally, Solomon argues that trial counsel was ineffective, because "at trial [he] elected not to allow Defendant-Appellant to testify to his own defense." The decision whether to call a defendant as a witness falls within the purview of trial strategy. State v. Adkins (2001), 144 Ohio App.3d 633,646; State v. Coulverson, 10th Dist. No. 01AP-893, 2002-Ohio-1324, at ¶ 35. As such, a failure to call a defendant as a witness will not be grounds for a claim of ineffective assistance of counsel unless prejudice is demonstrated. Id.
"Courts are reluctant to find on direct appeal that an attorney has been ineffective for failing to call a witness, because it is difficult to show on direct appeal that a witness's testimony could have changed the outcome of the trial." State v. Hector
(Mar. 8, 2002), 2d Dist. No. 18653, unreported.
 {¶ 24} In the present case, there may have been several strategic reasons for not calling Solomon to testify. There is nothing in the record to demonstrate Solomon was prejudiced by that decision. Accordingly, the third assignment of error is overruled.
 Assignment of Error No. IV The trial court erred in overruling defense counsel's motionfor mistrial due to mismanagement of the jury.
 {¶ 25} In the fourth assignment of error, Solomon asserts that the trial court erred in denying his motion for mistrial, based upon the presence of an extra juror on the second morning of trial.
 {¶ 26} On the second morning of trial, the following took place:
Mr. Slagel: Do we want to inquire whether he was in the jurybox?
 Mr. Anderson: Yes.
 The Court: Ladies and gentleman, you came in here with a spareperson. Was that individual in the jury room with you.
 The Jury: Yes, he was.
 The Court: Does anyone know who this individual is?
 The Jury: (They all indicate no.)
 Sheryl White: He didn't have nothing else to do.
 The Court: Pardon me?
 Sheryl White: He didn't have nothing else to do. Thought he'djoin us.
 The Court: Alright. Now, this individual — was there — doesanyone know this individual
 (All members of the jury indicate no.)
 The Court: Did he speak to you?
 Ms. Yaussy: He never said one word. He sat at the end of thetable.
 The Court: Do we know who this individual was?
 Mr. Gordon: Yes, he was someone for jury duty yesterday anddid not show up yesterday. He does have a cord. He was asked ifhe had been seated, he said yes. He was sent in.
 The Court: Alright. This individual discussed nothing with youabout this case?
 (All the jury indicated no.)
 The Court: Just sat there?
 (All the jury indicated yes.)
 The Court: You just kind of wondered who he was?
 (All the jury indicated yes.)
 The Court: Counsel care to ask —
 Mr. Slagel: I'm satisfied.
 The Court: I think if I'm understanding correctly, thisindividual was summonsed for jury duty yesterday, he showed up aday late and inadvertently he was thought to be a seated jurorand was sent into the jury room. Appears to be a series of twomistakes. Number 1, this individual showing up a day late; Number2, the Court Administrator thinking he was a seated juror,sending him into the jury room. It doesn't appear to me there wasany discussion about the case or any tainting of the jury.
 (All the jury indicated no.)
 Mr. Anderson: Is every juror saying there's no comments made?
 The Court: Is there any juror that was gonna tell me there wassomething said to them about this case by that individual.
 Ms. Hollaway: There was nothing discussed about the case byanyone.
 The Court: As you were instructed, right?
 (All the jury indicated yes.)
Solomon's trial counsel then made a motion for a mistrial, base upon the non-jurors presence in the jury room.
 {¶ 27} A trial court's ruling on a motion for a mistrial due to juror misconduct will not be reversed absent a showing that the trial court abused its discretion. State v. Stallings
(2000), 89 Ohio St.3d 280, 296; State v. Dennis (1997),79 Ohio St.3d 421, 427. A trial court will only be found to have abused its discretion when its conduct demonstrates an attitude which is unreasonable, arbitrary, or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157. When reviewing an incident of alleged juror misconduct, the trial court must determine whether juror misconduct occurred, and if so, whether the misconduct materially affected the defendant's substantive rights. State v.Hopfer (1996), 112 Ohio App.3d 521, 543, citing State v.Taylor (1991), 73 Ohio App.3d 827, 833. The Ohio Supreme Court has stated, "[a] trial court enjoys broad discretion in determining a juror's ability to be impartial." Dennis,79 Ohio St.3d at 427.
 {¶ 28} Looking at the above incident, we cannot find the trial court abused its discretion. As required, the court immediately inquired into whether there had been any misconduct on the part of the jurors. The court determined that the incident had been a mistake and that the unknown individual had not talked to any of the jurors. Upon review, the court's actions clearly satisfied its duty to inquire and its decision was not unreasonable, arbitrary, or unconscionable. Accordingly, the fourth assignment of error is overruled.
 {¶ 29} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J., and Bryant, J., concur.