[Cite as *State v. Breitenstine*, 2013-Ohio-790.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| JERALD R. BREITENSTINE | Case No. 2012 AP 05 0033 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the New Philadelphia
Municipal Court, Case Nos. CRB 1100130,
TRC 1100281 A-D

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      March 1, 2013

APPEARANCES:

For Plaintiff-Appellee

DOUGLAS V. JACKSON
New Philadelphia Prosecutor
150 East High Avenue
New Philadelphia, Ohio 44663

For Defendant-Appellant

CARMEN V. ROBERTO
The Nantucket Building, Third Floor
23 S. Main Street
Akron, Ohio 44308

*Hoffman, J.*

{¶1} Defendant-appellant Jerald R. Breitenstine appeals the April 12, 2012 judgment entered by the New Philadelphia Municipal Court denying his motion for new trial. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} Appellant was charged with operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree, and resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. Following a jury trial, Appellant was found guilty of both charges. The trial court then found Appellant not guilty of various minor misdemeanor traffic charges.

{¶3} On February 13, 2012, Appellant moved the trial court for a new trial pursuant to Rule 33 of the Ohio Rules of Criminal Procedure. The trial court conducted a hearing on the motion on March 8, 2012. Via Judgment Entry filed April 12, 2012, the trial court denied the motion.

{¶4} Appellant now appeals, assigning as error:

{¶5} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL."

{¶6} R.C. 2945.79 reads,

{¶7} "A new trial, after a verdict of conviction, may be granted on the application of the defendant for any of the following causes affecting materially his substantial rights:

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

{¶8} "(A) Irregularity in the proceedings of the court, jury, prosecuting attorney, or the witnesses for the state, or for any order of the court, or abuse of discretion by which the defendant was prevented from having a fair trial;

{¶9} "(B) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;***"

{¶10} Ohio Criminal Rule 33 provides,

{¶11} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

{¶12} "(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

{¶13} "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;***"

{¶14} Accordingly, a new trial is warranted where misconduct has occurred, and the defendant's substantial rights have been materially affected by the misconduct. *State v. Taylor* (1991), 73 Ohio App.3d 827; *State v. Jones* (1992), 81 Ohio App.3d 348. The decision to grant a new trial is within the sound discretion of the trial court. *State v. Patel,* 2nd Dist. No. 2010-CA-77, 2011 Ohio 6329; *State v. Reynolds* (1988), 49 Ohio St.3d 27.

{¶15} In *Patel,* supra, the Second District held,

{¶16} "In finding no prejudice to Patel, we reject his argument that prejudice must be presumed in this case. In support, Patel relies on *United States v. Lawhorne* (E.D.Va.1998), 29 F.Supp.2d 292. There a federal district court concluded that when

communications between a prosecutor and a juror during trial 'cannot be characterized as innocuous, there arises a presumption of prejudice.' *Id.* at 308. In such a case, the government bears the burden to establish the absence of prejudice. *Id.* In Patel's case, however, the record reflects that the two communications at issue *were* innocuous. The first involved a brief conversation that had nothing to do with Patel's trial. The second involved a juror's wink in response to a detective either wishing the juror happy birthday or telling another juror to have a nice day after the jury had been released from service. We are unpersuaded that these communications created a presumption of prejudice. In the absence of demonstrable prejudice to Patel, which does not exist in light of the trial court's findings, we cannot say the trial court abused its discretion in denying the motion for a mistrial and refusing to grant Patel a new trial. Accordingly, the first assignment of error is overruled."

{¶17} In the case sub judice, Prosecutor Fete testified at the March 8, 2012 hearing on Appellant's motion for new trial,

{¶18} "Mr. Fete: Right after the jury was seated we took a brief break. She had come -- - the jurors were returning from their break, she came over to me and asked me if there was a Marvin Fete that was a teacher. She said, 'Is there another Marvin Fete that was a teacher?' I said, 'Yes, that's my father.' I said, 'Did you have him in school?' And she said, 'No.' And that was it. That was the extent of the conversation. I was seated here with the officer waiting for the jury to come back and - -

{¶19} "The Court: Where did the conversation take place? Like right where you're standing?

{¶20} "Mr. Fete: Yeah. I wasn't even standing. I was sitting down.

**{¶21}** "The Court: Where was Mr. Gartrell and Mr. Breitenstine?

**{¶22}** "Mr. Fete: Right where they are now.

**{¶23}** "The Court: All right. Go ahead.

**{¶24}** "Mr. Fete: She asked me that casually and I said 'Did you have him in school,' and she said 'No,' and walked away.

**{¶25}** "The Court: Okay.

**{¶26}** "Mr. Fete: So could've been a negative - - she had a negative thought of my father but I didn't think anything of it. It hadn't started, the trial hadn't even begun. And if I remember the admonishment it was not that you couldn't converse with anyone, but you were not allowed to discuss the case with anyone. And that's what I recall the admonishment being told to the jurors.

**{¶27}** "The Court: Well, I think there is something in there, not so much directed at anyone but it does say to the jurors don't think that people here are being rude to you, that we're deliberately ignoring you, but it is not appropriate, that type of thing. The jurors are told not to discuss the case. I mean obviously these instructions that are given are fairly standardized and would be in the record. Okay. So basically - - so I asked you the facts so I redirected you to that issue. But is there any additional argument that you want to make, Mr. Fete, over and above what you filed with the Court?

**{¶28}** "Mr. Fete: No, Your Honor. We believe the issue, if you don't raise it at - - I mean the whole purpose we have an alternate juror for that purpose in case somebody does something inappropriate or wrong. This was before the trial started. It was witnessed by both the Defendant and his attorney. It did not raise an objection,

therefore, believe they waived their right to object.  And that this is merely an attempt to get a second bite of the apple and we outline that in our Reply."

**{¶29}** Tr. at 5-7.

**{¶30}** Upon review of the record, we find the brief conversation between the juror and the prosecutor took place prior to the start of the trial, did not pertain to the case and was innocuous.  The conversation did not create a presumption of prejudice, and did not materially affect the substantial rights of Appellant.  Accordingly, we find the trial court did not abuse its discretion in denying Appellant's motion for a new trial.

**{¶31}** The April 12, 2012 judgment entered by the New Philadelphia Municipal Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
|     Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JERALD R. BREITENSTINE | : | |
| | : | |
|     Defendant-Appellant | : | Case No. 2012 AP 05 0033 |

For the reason stated in our accompanying Opinion, the April 12, 2012 judgment entered by the New Philadelphia Municipal Court is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin _____
HON. W. SCOTT GWIN

s/ John W. Wise_____
HON. JOHN W. WISE