[Cite as *State v. Shaner*, 2019-Ohio-2867.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-09-013 |
| | : | O P I N I O N |
| - vs - | | 7/15/12019 |
| | : | |
| BRIAN SHANER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 17-CR12522

Martin P. Votel, Preble County Prosecuting Attorney, Gractia S. Manning, 101 East Main Street, Eaton, Ohio 45320, for appellee

William O. Cass, Jr., 135 W. Dorothy Lane, Suite 117, Kettering, Ohio 45429, for appellant

**PIPER, J.**

{¶ 1} In November 2017, the Preble County Sheriff's Office used a confidential informant to conduct a controlled buy of methamphetamine from appellant, Brian Shaner. The transaction occurred in the parking lot of a local medical facility where appellant's motor vehicle was parked. Appellant had his infant child with him in the car during the drug sale.

{¶ 2} Appellant was subsequently indicted for three offenses: aggravated trafficking in drugs, a second-degree felony; aggravated possession of drugs, a third-degree felony; and

endangering children, a first-degree misdemeanor. The case proceeded to a one-day jury trial on June 11, 2018 and the jury found appellant guilty as charged.

{¶ 3} Within fourteen days of the jury's verdict, appellant's trial attorney filed a written motion for a new trial based on alleged discovery violations. The trial court denied the motion. Meanwhile, appellant's trial counsel indicated to the prosecutor that juror misconduct may have occurred. The prosecutor notified the court by filing a notice of alleged jury misconduct. The trial court appointed new counsel for appellant and scheduled a hearing on the matter.

{¶ 4} At the end of the hearing, appellant's new trial counsel suggested a new trial was appropriate. The court assumed the request was an oral motion for a new trial, but disagreed, finding that no misconduct occurred and denied the motion. The case then proceeded to sentencing. The court merged the drug trafficking and possession offenses and sentenced appellant to an aggregate four-year prison term.

{¶ 5} Appellant now appeals his convictions, raising two assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE JURY'S FINDING OF GUILTY WAS BASED ON INSUFFICIENT EVIDENCE AND WAS AGAINST THE WEIGHT OF THE EVIDENCE.

{¶ 8} In his first assignment of error, appellant argues that his conviction was not supported by sufficient evidence and was otherwise against the manifest weight of the evidence.

{¶ 9} The concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Couch*, 12th Dist. Butler No. CA2016-03-062, 2016-Ohio-8452, ¶ 9, *citing State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Sufficiency of the evidence is the concept of whether the conviction can be supported as a matter of law. *State v. Green*, 12th Dist. Warren No. CA2017-11-161, 2018-Ohio-3991, ¶ 25.

The standard of review for a sufficiency of the evidence challenge is whether any rational trier of fact could have found the prosecution proved the essential elements of the criminal offense beyond a reasonable doubt, viewing the evidence in the light most favorable to the prosecutor. *State v. Beverly*, 143 Ohio St.3d 258, 2015-Ohio-219, ¶ 15. On a sufficiency challenge, the reviewing court will not consider the credibility of the witnesses. *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 162. Instead, the appellate court will defer to the trier of fact on questions of credibility and weight. *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 132.

{¶ 10} A manifest weight challenge, on the other hand, requires the appellate court examine the evidence to determine whether the "greater amount of credible evidence" supports one side of the issue over the other. *State v. Bell*, 12th Dist. Clermont No. CA2008-05-044, 2009-Ohio-2335, ¶ 57. As such the appellate court must review the entire record,

> weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Spencer*, 12th Dist. Warren No. CA2018-08-082, 2019-Ohio-2165, ¶ 21. While the issue of credibility is relevant to the manifest weight review, an appellate court "must be mindful the trier of fact has the primary role of weighing the evidence and evaluating witness credibility." *State v. Salinger*, 12th Dist. Butler No. CA2014-10-208, 2015-Ohio-2821, ¶ 15, citing *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). An appellate court will overturn a conviction only in "extraordinary circumstances to correct a manifest miscarriage of justice, and only when the evidence presented at trial weighs heavily in favor of acquittal." *State v. Cobb*, 12th Dist. Butler No. CA2007-06-153, 2008-Ohio-5210, ¶ 95, citing *Thompkins,* 78 Ohio St.3d at 387.

{¶ 11} To convict appellant for the aggravated trafficking offense the prosecutor had to

- 3 -

prove that appellant knowingly sold, or offered to sell, a controlled substance or controlled substance analog. R.C. 2925.03(A)(1). For this offense to constitute a second-degree felony, the prosecutor had to prove that the amount of the drug exceeded the bulk amount, but was less than five times the bulk amount, and appellant committed the offense "in the vicinity of a juvenile." R.C. 2925.03(C)(1)(c). Regarding the aggravated possession offense, the prosecutor had to prove that appellant knowingly obtained, possessed, or used a controlled substance or a controlled substance analog. R.C. 2925.11(A). For this offense to constitute a third-degree felony, the prosecutor had to prove that appellant possessed an amount of the drug greater than the bulk amount, but less than five times the bulk amount. R.C. 2925.11(C)(1)(b).

{¶ 12} As relevant here, the controlled substance appellant was accused of trafficking was methamphetamine, a schedule II substance pursuant to R.C. 3719.41. The bulk amount of a schedule II substance is three grams. R.C. 2925.01(D)(1)(g). The requisite mental state for these offenses was knowingly. This mental state is defined as "regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

{¶ 13} After review of the record, this court finds that the evidence was sufficient to convict appellant of both drug offenses and was not otherwise against the manifest weight of the evidence. At trial the prosecutor presented testimony from three witnesses: two detectives from the Preble County Sheriff's Office and a confidential informant. Both detectives testified that before the target drug buy, they observed a female correctional officer perform a patdown search of the confidential informant to check the informant for contraband. This search yielded nothing. The detectives further testified that at least one officer was present with the informant up to the time the informant made contact with appellant and after the buy. The first detective testified that during the transaction he acted

as the "cover" officer to provide overwatch of the operation. In his position as overwatch, he was able to observe appellant and his girlfriend exit the medical facility and approach appellant's vehicle in the parking lot prior to the transaction.

{¶ 14} The second detective testified that he rode in the vehicle with the informant to the parking lot of the medical facility. This detective provided the informant with an audio/visual recording device. Upon arrival, the second detective testified that he and the informant exited the vehicle and walked to their respective positions. The informant headed towards appellant's vehicle, while the second detective walked into the medical facility to observe the transaction through a window of the building. This detective testified that he observed appellant and his girlfriend walk towards appellant's vehicle from the medical buildings. Appellant was carrying an infant child. The detective then testified he watched the informant meet appellant and the girlfriend at the vehicle. The informant and appellant moved to the passenger side of the vehicle out of the detective's line of sight, so the detective was unable to see the exchange occur. During this time the detective saw the child in the rear seat of the vehicle on the driver's side. After the transaction, the detective testified that he met the informant in the medical building and received the bag of suspected methamphetamine from the informant.

{¶ 15} Finally, the informant testified that prior to the target purchase she did not possess any type of contraband. She then testified that she approached appellant's vehicle in the parking lot, saw a child in the back seat of the vehicle, and engaged in casual conversation with appellant's girlfriend before moving to the passenger side of the car to conduct the exchange and retrieve the methamphetamine. The informant testified that while she gave appellant money for the sale, she was unsure of whether she directly handed him the cash or if she placed the money inside the car. After the sale, the informant walked away from appellant's vehicle and into the medical facility. She then convened with the second

detective and provided him the methamphetamine.

{¶ 16} In addition to testimony, the prosecutor admitted into evidence the bag of methamphetamine, a laboratory analysis report that established that the substance was around 6.98 grams of methamphetamine, and a video of the transaction. While the video alone was not dispositive of the drug sale, it did corroborate the testimonies of the three witnesses. Unfortunately, the video only captured images of the ground and the subjects' feet during the transaction. Nevertheless, at the point of the suspected transaction, the video shows that of the three individuals present, the informant moved away from the girlfriend and stood near appellant, at which time a zipping sound can be heard indicating appellant was retrieving something from a zippered bag.

{¶ 17} Consequently, the evidence established that appellant knowingly possessed and then sold 6.98 grams of methamphetamine to the confidential informant in the presence of appellant's infant child. The testimony from the witnesses, the laboratory report, the video, and the bag of methamphetamine together comprised sufficient proof that any rational trier of fact could have found the essential elements of the trafficking and possession offenses proven beyond a reasonable doubt.

{¶ 18} Furthermore, this court finds that the jury did not clearly lose its way and create a manifest miscarriage of justice when it found appellant guilty. Appellant argues that the confidential informant had a self-serving motive to carry out the drug sale, or was otherwise biased, because her aid in this investigation would lead to the state dismissing charges against her. However, the record shows that the informant was searched for contraband prior to the operation and nothing was found. Moreover, the detectives testified that they did not have any reason to believe that the methamphetamine did not come from appellant as a part of the transaction, because they were able to observe the informant throughout the operation. The guilty verdicts indicate that the jury found the informant's and detectives'

testimony credible. Therefore, this is not a case where the evidence weighs heavily in favor of appellant. The drug offense convictions were not against the manifest weight of the evidence.

{¶ 19} Next, to convict appellant for the endangering children offense, the prosecutor had to prove that appellant was a "parent, guardian, custodian, person having custody or control of a child or person in loco parentis of under eighteen years of age" and created a "substantial risk to the health or safety of the child by violating a duty of care, protection, or support." R.C. 2919.22(A). The prosecutor had to prove that the appellant acted with the culpable mental state of recklessness. *State v. McGee*, 79 Ohio St.3d 193, 195 (1997). This means the prosecutor had to show that appellant acted with "heedless indifference to the consequences" and disregarded a "substantial and unjustifiable risk" that his conduct was "likely to cause a certain result." R.C. 2901.22(C). For our purposes, a substantial risk is "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8).

{¶ 20} Other Ohio appellate districts have held that permitting illegal drugs to be in the presence of children is sufficient to constitute a violation of R.C. 2919.22(A). *State v. Ray*, 2d Dist. Montgomery No. 24536, 2012-Ohio-840, ¶ 16; *State v. Thompson*, 3d Dist. Seneca No. 13-17-26, 2018-Ohio-637, ¶ 95; *see also State v. Norris*, 9th Dist. Lorain No. 14CA010699, 2015-Ohio-5180, ¶ 17. Moreover, this court has previously explained that dealing drugs is, itself, "inherently dangerous." *State v. Workman*, 12th Dist. Clermont Nos. CA2016-10-065 and CA2016-10-066, 2017-Ohio-2802, ¶ 24.

{¶ 21} In *State v. Ray, supra,* the Second District Court of Appeals considered a case with similar facts to the case sub judice. In that case, the defendant and her boyfriend brought the defendant's five-year-old child along with them when they went to purchase heroin. The child was present when police arrested the defendant and found heroin on the

codefendant and drug paraphernalia in the defendant's house. *Ray* at ¶ 16. Even though police apprehended the defendant after the sale, the *Ray* court held there was "legally sufficient evidence to support a child-endangering conviction based on [the defendant's] act of transporting her child to a drug buy especially when the occupants of the vehicle return with the drugs in their possession." *Id.*

{¶ 22} In this case, the second detective and the confidential informant testified that they saw appellant with an infant child at the time the drug sale was made. Moreover, the first detective testified that he knew the child was present with appellant. The informant testified that appellant produced the methamphetamine from a bag located in the passenger compartment. This would obviously be near the child's position in the rear seat of the vehicle. Whether appellant possessed more drugs in the vehicle after the sale is irrelevant because the evidence shows that appellant permitted a child under his control to be in close proximity to methamphetamine. Therefore, there was sufficient evidence that any rational trier of fact could have found the essential elements beyond a reasonable doubt.

{¶ 23} Turning to the manifest weight challenge, the facts are such that we do not find the jury clearly lost its way. While it is true that law enforcement did not act immediately to arrest appellant and that the child may have been adequately restrained in a child safety seat, these facts do not weigh against the conviction. Appellant permitted illegal and dangerous drugs to be near a child under his control. This again is not a case where the evidence weighs in favor of acquittal and the jury's verdict created a manifest miscarriage of justice.

{¶ 24} Accordingly, the evidence was sufficient to convict appellant for each offense and these convictions were not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.

{¶ 25} Assignment of Error No. 2:

{¶ 26} THE TRIAL COURT ERRED WHEN IT DID NOT GRANT THE APPELLANT A NEW TRIAL BASED UPON JUROR MISCONDUCT.

{¶ 27} In his second assignment of error, appellant argues that the trial court abused its discretion when it denied his motion for a new trial because the court improperly decided no juror misconduct occurred.

{¶ 28} The decision to grant or deny a motion for a new trial pursuant to Crim.R. 33 is within the discretion of the trial court. *State v. Brakeall*, 12th Dist. Fayette Nos. CA2008-06-022 and CA2008-06-023, 2009-Ohio-3542, ¶ 9. An appellate court reviews the trial court's decision for an abuse of discretion. *State v. Carroll*, 12th Dist. Clermont Nos. CA2007-02-030 and CA2007-03-041, 2007-Ohio-7075, ¶ 64. A motion for new trial must be made within fourteen days of the jury's verdict. Crim.R. 33(B). Appellant's counsel filed a motion for new trial on June 25, 2018 which suggested prosecutorial misconduct, not juror misconduct. Appellant's motion was denied July 26, 2018. There was no formal motion for a new trial based on juror misconduct made within fourteen days of the jury's verdict and in any event, there were no supporting affidavits provided as required by Crim.R. 33(C). However, because the state does not assert these reasons for supporting the trial court's denial of a new trial, we will address the merits of appellant's argument.

{¶ 29} In criminal trials, the accused has the constitutional right to be tried before a fair and impartial jury. *State v. Villarreal*, 12th Dist. Butler No. CA2004-02-035, 2005-Ohio-1924, ¶ 37, *citing Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444 (1968) and Article I, Section 10, Ohio Constitution. This means a "jury must decide a case solely on the evidence before it, and not reach its verdict based upon influences outside the courtroom." *Villarreal* at ¶ 37. A deviation from this standard constitutes juror misconduct. *State v. Taylor*, 73 Ohio App.3d 827, 831 (4th Dist.1991). The determination of juror misconduct requires a two-part analysis. *Id.* at 833. First, the court must determine if juror misconduct occurred. *Id.* Second, the

- 9 -

court must determine whether the misconduct materially prejudiced the defendant's substantial rights. *Id.*[1]

{¶ 30} In this case, appellant argues that one of the jurors used outside information by suggesting the possibility that the juror used the clerk of court's website to look up appellant's criminal history to find appellant guilty. The trial court held a hearing on the matter in which appellant's former trial counsel and the juror testified. The juror testified that she rode in the elevator with appellant's former counsel and briefly chatted with the attorney before exiting the elevator. The juror acknowledged that the attorney had remarked about the speed of the guilty verdict, but the juror testified that she only mentioned that people were sick of drugs in response to the statement. The juror denied accessing any court records or otherwise being influenced by outside information.

{¶ 31} Next, appellant's former counsel testified that after the trial she rode the elevator with the juror. During the ride she engaged in a conversation with the juror about the quickness with which the jury arrived at the guilty verdict. According to the former counsel, the juror told her the reason they convicted appellant was because appellant had "done it before." However, the attorney later admitted that the juror in the elevator did not expressly tell her that she looked up appellant's prior record.

{¶ 32} As part of its reason for denying the motion for a new trial, the trial court found there was no credible evidence that juror misconduct occurred. This court agrees. Appellant's argument suggesting juror misconduct is unsupported and premised upon inferences from mere possibilities, not established facts. The trial court was in the best position to determine credibility of the witnesses. Since no misconduct occurred, appellant

---

1. We note the aliunde rule, Evid.R. 606(B), is not implicated herein. Neither party raised the rule's application and the juror's testimony was not offered to impeach the jury's verdict, but rather to give clarification and context to the conversation that took place as previously reported by appellant's former trial counsel.

cannot show prejudice. Consequently, the trial court did not abuse its discretion when it denied appellant's motion for a new trial. Accordingly, appellant's second assignment of error is overruled.

{¶ 33} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.