**[Cite as *State v. Norris*, 2015-Ohio-5180.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 14CA010699 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIELLE NORRIS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 12CR084565 |

DECISION AND JOURNAL ENTRY

Dated: December 14, 2015

SCHAFER, Judge.

{¶1} Defendant-Appellant, Danielle Norris, appeals the judgment of the Lorain County Court of Common Pleas convicting her on one count of permitting drug abuse and two counts of endangering children and imposing a five-year term of community control. For the reasons set forth below, we affirm.

I.

{¶2} The Lorain County Grand Jury indicted Norris on the following nine counts: Counts I and II—Trafficking in Drugs in violation of R.C. 2925.03(A)(2), a felony of the first degree; Counts III and IV—Possession of Drugs in violation of R.C. 2925.11(A), a felony of the second degree; Count V—Permitting Drug Abuse in violation of R.C. 2925.13(B), a felony of the fifth degree; Counts VI, VII, and VIII—Endangering Children in violation of R.C. 2919.22(A), a first degree misdemeanor; Count IX—Drug Paraphernalia Offenses in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor.

{¶3} These charges stemmed from a police investigation into a male suspect named Francisco Rivera, who is Norris' boyfriend and the father of her three children. Throughout their investigation, the police conducted a series of controlled purchases of heroin from Rivera and tracked Rivera's movements by way of a global positioning system. During their surveillance activities, the police observed that Rivera spent much of his time, including most nights, at a house located on West 15th Street in Lorain, Ohio. This caused the police to suspect that Rivera stored drugs at this residence. The police obtained an arrest warrant for Rivera, which they executed on February 3, 2012.

{¶4} After questioning Rivera, police went to the house located on West 15th Street, where they encountered Norris and two of her small children. The officers informed Norris that Rivera had been arrested and that they suspected drugs were present in the house. Norris initially consented to a search of the residence. While Norris was filing out the Consent to Search form, one of the officers standing in the doorway to the house observed a plate containing cocaine sitting on the kitchen counter. As a result, the officers conducted a protective sweep of the house to ensure that nobody else was present. During the protective sweep, the officers observed drugs in plain view in the downstairs master bedroom.

{¶5} While the police were conducting the protective sweep of the house, Norris called her brother on a cell phone and had one of the officers explain the situation to him. Following the phone conversation, Norris informed the officers that she no longer consented to a search of her house. Norris tore up the Consent to Search form and requested that the officers obtain a search warrant.

{¶6} The officers quickly obtained a search warrant and returned to West 15th Street, whereupon they searched the house. The search turned up copious amounts of cocaine and

heroin, multiple measuring scales, other criminal tools, a number of readily accessible firearms, and over $27,000.00 in cash.

{¶7}    This matter proceeded to a jury trial.  The State elected to dismiss Counts I and II of the indictment during the course of the trial.  At the close of the State's case-in-chief, Norris made a motion for acquittal pursuant to Crim.R. 29.  The trial court overruled that motion.  The jury ultimately issued a guilty verdict on Counts V, VI, and VII of the indictment.  The jury, however, found Norris not guilty on Counts III, IV, VIII, and IX.  The trial court entered Norris' convictions and sentenced her to community control for a period of five years.

{¶8}    Norris filed this timely appeal, presenting three assignments of error for our review.

## II.

### Assignment of Error I

**The verdicts for Permitting Drug Abuse and Endangering Children, as defined by the court, in counts five, six, and seven were not supported by sufficient evidence and were against the manifest weight of the evidence.**

{¶9}    In her first assignment of error, Norris argues that her convictions are not supported by sufficient evidence.[1]  We disagree.

{¶10}    "'We review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence.'"  *State v. Smith,* 9th Dist. Summit No. 27389, 2015–Ohio–2842, ¶ 17, quoting *State v. Frashuer,* 9th Dist. Summit No. 24769, 2010–Ohio–634, ¶ 33.  A sufficiency challenge of a criminal conviction presents a question of law, which we

---

[1] Although Norris argues that her convictions were against the manifest weight of the evidence and provides the "manifest weight" standard in her appellate brief, her argument strictly addresses the sufficiency of the State's evidence.  A manifest weight of the evidence challenge is legally distinct from a sufficiency challenge.  *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).  As such, we limit our review to Norris' sufficiency challenge.

review de novo. *Thompkins* at 386. In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. After such an examination and taking the evidence in the light most favorable to the prosecution, we must decide whether "any rational trier of fact could have found the essential elements of the crime proven beyond a rational doubt." *Id.* Although we conduct de novo review when considering a sufficiency of the evidence challenge, "we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones,* 1st Dist. Hamilton Nos. C–120570, C–120751, 2013–Ohio–4775, ¶ 33.

### A.  Permitting Drug Abuse—R.C. 2925.13(B)

{¶11}  R.C. 2925.13(B) provides that "[n]o person who is the owner, lessee, or occupant, or who has custody, control, or supervision, of premises * * * shall knowingly permit the premises * * * to be used for the commission of a felony drug abuse offense by another person." "Knowingly" is defined in former R.C. 2901.22(B)[2] as follows:

> A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

Norris argues that the State failed to prove that she knew that the drugs in her house were going to be used for a felony drug offense. We disagree.

---

[2] 2014 Am.S.B. No. 361, effective March 23, 2015, amended R.C. 2901.22's definitions of culpable mental states, including the provisions for "knowingly" and for "recklessly." Since the charged offenses in this matter occurred before Am.S.B. 361's effective date, we rely on the previous versions of the statutory language.

{¶12} At trial, Detectives Michael Gidich and Christopher Colon, both of the Lorain Police Department, testified on behalf of the State. Both detectives testified that while they were obtaining Norris' consent to search the house, one of the officers that had accompanied them to Norris' house observed a plate of cocaine resting on the kitchen counter in plain view. Detective Gidich testified that during the protective sweep of the house, he observed large amounts of heroin, cocaine, money, and small packets (referred to as "bindles") containing what appeared to be drugs, resting in plain view on a tray table in the master bedroom.

{¶13} Detective Gidich also testified that upon receiving a warrant to search the house, the police discovered, among other things, additional quantities of drugs, a marijuana grinder, and a number of measuring scales within the master bedroom. He also stated that the police found syringes in the laundry room and cutting agents, another scale, and a large press used for pressing cocaine in a kitchen cabinet. Lastly, Detective Gidich testified that as he was carrying evidence out of the house, he remarked to Norris that her home was very neat and orderly, to which Norris responded that she has Obsessive Compulsive Disorder and that there is a place for everything in her house.

{¶14} After viewing this evidence in a light most favorable to the State, we determine that the evidence presented at trial was sufficient for a jury to infer that Norris knew that the drugs in her house were going to be used for a felony drug offense. The detectives' respective testimony demonstrated that large amounts of drugs and criminal tools were exposed in Norris' home, especially in the master bedroom. Also, Detective Gidich testified that the house was very clean and orderly and that Norris told him that everything in her home has its place. In light of the foregoing, we conclude that the State met its burden of production on Count V.

B.  Endangering Children—R.C. 2919.22(A)

{¶15}  R.C. 2919.22(A) provides that "[n]o person who is the parent, guardian, custodian, person having custody or control, or a person in loco parentis of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support."  "Substantial risk" is defined as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."  R.C. 2901.01(A)(8).  The Supreme Court of Ohio has held that, under R.C. 2919.22(A), recklessness is an essential element of the crime of endangering children.  *State v. McGee*, 79 Ohio St.3d 193 (1997), syllabus.  The Ohio Revised Code defines "reckless" as follows:

> A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature.  A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

Former R.C. 2901.22(C).  Thus, to support a conviction for child endangering under R.C. 2919.22(A), it must be established, beyond a reasonable doubt, that Norris (1) recklessly (2) created a substantial risk to the health or safety of one or more of her children (3) by violating a duty of care, protection or support.

{¶16}  Norris argues that the State failed to prove that she recklessly created a substantial risk to the health or safety of her children.  We disagree.  At trial, Detective Colon testified that when the police arrived at Norris' house seeking permission to search it, two of Norris' three children were present.  In addition to his testimony concerning the large number of drugs and criminal tools discovered in the house, Detective Gidich testified that numerous firearms were discovered in the closet of the master bedroom, including a shotgun that was leaning against the

wall. Detective Gidich further testified that the drugs that were in powder form on the tray table in the master bedroom were uncovered and "would go everywhere" if somebody happened to sneeze near them. Lastly, Detective Gidich testified that Norris' children were tall enough to reach the exposed drugs that were resting on the tray table and the kitchen counter.

{¶17} After viewing this evidence in a light most favorable to the State, we determine that the evidence presented at trial was sufficient for a jury to conclude that Norris recklessly created a substantial risk to the health and safety of her children. In light of the detectives' testimony at trial, we conclude that the State met its burden of production on Counts VI and VII.

{¶18} Norris' first assignment of error is overruled.

### Assignment of Error II

**The evidence regarding the background history of Danielle Norris should have been allowed into evidence as it was relevant pursuant to Ohio Rules of Evidence Rule 401 to the issue of the mental state of knowingly.**

{¶19} In her second assignment of error, Norris argues that the trial court erred by excluding evidence concerning her background and history. Specifically, Norris contends that the trial court erred by prohibiting her from testifying about her history of being molested as a child, as this information was relevant to the mental state of "knowingly." We disagree.

{¶20} Evid.R. 402 limits the admission of evidence to relevant evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). "'[T]he trial court is vested with broad discretion and an appellate court should not interfere absent a clear abuse of that discretion.'" *State v. Yarbrough,*

95 Ohio St.3d 227, 2002–Ohio–2126, ¶ 40, quoting *State v. Allen,* 73 Ohio St.3d 626, 633 (1995). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). "But the exclusion of relevant evidence under Evid.R. 403(A) is even more of a judgment call than determining whether the evidence has logical relevance in the first place." *Yarbrough* at ¶ 40. An appellate court may not substitute its judgment for that of the trial court when applying the abuse of discretion standard. *Berk v. Matthews,* 53 Ohio St.3d 161, 169 (1990).

**{¶21}** Here, Norris' trial counsel attempted to question Norris about her inability to relate to men in general as a result of being abused by men when she was younger. Norris contends that this information was relevant to whether or not she knowingly permitted Rivera to use her house to commit a felony drug offense. However, before Norris could fully explain the history of the abuse that she suffered in her youth, the State objected to this line of questioning, arguing that it was not relevant. The trial court ultimately sustained the State's objection on the basis that the probative value of the evidence was substantially outweighed by confusion of the issues.

**{¶22}** After reviewing the record, we determine that the trial court did not abuse its discretion in excluding Norris's testimony concerning her history as an abuse victim. It was within the trial court's discretion to determine that there was an attenuated connection between Norris's background and her knowledge of the presence of drugs in her residence. The trial court properly weighed this attenuated connection against the possibility that jurors would be misled regarding the issues before them. The record does not demonstrate that the trial court improperly weighed these factors and we conclude that the trial court did not abuse its discretion in excluding evidence regarding Norris's background.

{¶23}  As such, Norris's second assignment of error is overruled.

**Assignment of Error III**

**The Court's Jury Instruction of "The Court has already ruled that the search of the premises at * * * West 15th Street on February 3, 2012, was a legal search" was improper and potentially misleading.**

{¶24}  In her third assignment of error, Norris argues that the trial court erred by providing the jury with an "improper" and "potentially misleading" jury instruction. Specifically, Norris contends that it was erroneous for the trial court to inform the jury that it had previously found the police's search of her house to be "a legal search" because such an instruction unnecessarily bolstered the credibility of the detectives who testified on behalf of the State.  We disagree.

{¶25}  The giving of jury instructions is within the trial court's sound discretion.  *Van Scyoc v. Huba,* 9th Dist. Summit No. 22637, 2005–Ohio–6322, ¶ 6.  This Court reviews the trial court's decision under an abuse of discretion standard.  *Id.*  "A trial court must give jury instructions that correctly and completely state the law."  *Auer v. Paliath,* 140 Ohio St.3d 276, 2014–Ohio–3632, ¶ 12, quoting *Groob v. KeyBank,* 108 Ohio St.3d 348, 2006–Ohio–1189, ¶ 32.  "Requested instructions should be given if they correctly state the law as applied to the facts in the case and if reasonable minds might reach the conclusion sought by the instruction."  *Murphy v. Carrollton Mfg. Co.,* 61 Ohio St.3d 585, 591 (1991).  "'An inadequate jury instruction that misleads the jury constitutes reversible error.'"  *Auer* at ¶ 12, quoting *Groob* at ¶ 32.  Accordingly, a party must demonstrate not merely that the trial court's omission or inclusion of a jury instruction was an error of law, but that the court's attitude was unreasonable, arbitrary or unconscionable.  *See Blakemore*, 5 Ohio St.3d at 219.

{¶26}  In the instant case, the trial court gave the following jury instruction:

**CONSENT TO SEARCH**

Consent to search the premises at * * * West 15th Street on February 3rd, 2012, is not an element of any of the offenses charged. You may not consider any testimony or documents relating to the search for any purpose other than how it may or may not affect the credibility of witnesses.

The Court has already ruled that the search of the premises at * * * West 15th Street on February 3rd, 2012, was a legal search[.]

After reviewing the record, we cannot conclude that the trial court abused its discretion by providing such an instruction to the jury. First, this instruction contains a proper statement of the law. A question concerning the propriety of a law enforcement officer's search under the Fourth Amendment is a pretrial issue that is reserved solely for the trial court. Moreover, consent to search is not an element of any of the charged offenses in this case. And second, assuming arguendo that the trial court's instruction to the jury was erroneous, such error was invited by defense counsel's repeated attempts to discredit Detectives Gidich and Colon's credibility on cross-examination by inquiring into the validity of their search of Norris' house. *See Columbus v. Montgomery*, 10th Dist. Franklin No. 09AP-537, 2011-Ohio-1332, ¶ 68 (concluding that the trial court's curative jury instruction "was prompted by comment from appellant's counsel implying that the police acted improperly in entering appellant's residence without a warrant."). We therefore determine that the trial court did not abuse its discretion by including a jury instruction stating that the Lorain Police Department's search of Norris' house was legal.

{¶27} Norris' third assignment of error is overruled.

III.

{¶28} With all of Norris' assignments of error having been overruled, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

JULIE A. SCHAFER
FOR THE COURT

 

HENSAL, P. J.
CONCURS.

MOORE, J.
CONCURRING IN JUDGMENT ONLY.

{¶29} I concur in the majority's judgment. With respect to Ms. Norris' third assignment of error, I agree that it is properly overruled. However, I would analyze the issue somewhat differently.

**{¶30}** "A trial court has broad discretion to decide how to fashion jury instructions, but it must 'fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder.'" *State v. White,* 142 Ohio St.3d 277, 2015-Ohio-492, ¶ 46, quoting *State v. Comen*, 50 Ohio St.3d 206 (1990), paragraph two of the syllabus. "We require a jury instruction to present a correct, pertinent statement of the law that is appropriate to the facts." *White* at ¶ 46. "In examining errors in a jury instruction, a reviewing court must consider the jury charge as a whole and 'must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights.'" *State v. Dean,* Slip Opinion No. 2015-Ohio-4347, ¶ 135, quoting *Kokitka v. Ford Motor Co.*, 73 Ohio St.3d 89, 93 (1995), quoting *Becker v. Lake Cty. Mem. Hosp. W.*, 53 Ohio St.3d 202, 208 (1990).

**{¶31}** Here, the challenged instruction informed the jury that the trial court had previously ruled that the search of the house was a legal search. Thus, the challenged instruction spoke to an aspect of the procedural history of the case and not an issue of law. But, given that the challenged instruction was immediately preceded by an instruction informing the jury that it was only to consider the testimony or documents relating to the search for purposes of determining credibility, the challenged instruction could be confusing; it could indicate to the jury that the trial court found the police more credible than Ms. Norris.

**{¶32}** However, even assuming the instruction was erroneous, having reviewed the record as a whole, I cannot conclude that the jury charge probably misled the jury in a way that affected Ms. Norris' substantial rights. *See Dean* at ¶ 135. Under the circumstances of this case, any error in giving the instruction was harmless. Accordingly, I agree that Ms. Norris' third assignment of error is properly overruled.

APPEARANCES:

NICHOLAS J. HANEK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.