**[Cite as *State v. Sutton*, 2020-Ohio-2878.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.      18CA0057-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEVEN SUTTON | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.     17 TRD 05887 |

DECISION AND JOURNAL ENTRY

Dated: May 11, 2020

CARR, Judge.

{¶1}   Appellant, Steven Sutton, appeals the judgment of the Medina Municipal Court. This Court affirms.

I.

{¶2}   This matter arises out of a traffic accident that occurred on September 21, 2017, in Medina, Ohio.  Sutton was driving his Dodge Neon when he collided with a cement truck driven by M.W.  Sutton was subsequently charged with one count of failure to stop after an accident in violation of R.C. 4549.02(A)(1), a misdemeanor of the first degree, as well as one count of improperly overtaking and passing upon the right in violation of Medina Codified Ordinances 331.04(B), a minor misdemeanor.

{¶3}   Sutton filed a motion in limine to exclude any evidence that he consumed alcohol on the date of the incident.  The trial court overruled the motion.  The matter proceeded to trial where a jury found Sutton guilty of failure to stop after an accident.  The trial court found Sutton

guilty of the minor misdemeanor traffic violation. The trial court imposed a 30-day jail sentence and ordered Sutton to pay restitution. The trial court further imposed a six-month license suspension and a fine.

{¶4} On appeal, Sutton raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

MEDINA MUNICIPAL COURT LOCAL RULE 6(A) CANNOT LIMIT AN APPELLATE COUNSEL FROM FILING AN APPEAL, AND APPELLATE REPRESENTATION INCLUDES THE APPOINTMENT OF A COURT REPORTER.

{¶5} In his first assignment of error, Sutton contends that Loc.R. 6 of the Medina Municipal Court is unenforceable because it hinders the ability of licensed attorneys to perfect an appeal from the trial court. This Court disagrees.

{¶6} In support of his argument, Sutton points to several journal entries issued by the trial court in this matter, one of which provisionally granted Sutton's motion for the appointment of a court reporter but noted that appellate counsel had failed to file a notice of appearance in the trial court in compliance with Loc.R. 6(A). That entry, issued on August 8, 2018, stated that the motion would be deemed granted upon the filing of a notice of appearance either as co-counsel or as successor counsel. Sutton subsequently moved the trial court to have Loc.R. 6(A) declared void. The trial court denied that motion on February 25, 2019. The trial court ultimately issued a journal entry appointing a court reporter.

{¶7} Sutton asks this Court to "find that appellate counsel did not need to also be trial counsel for purposes of perfecting the instant appeal[] and to "find that the municipal court erred when it found [Loc.R.] 6 to require appellate counsel to file a notice of appearance as co-counsel or to seek the withdrawal of prior trial counsel." The duty of this Court is to decide actual

controversies. *Schuster v. Avon Lake*, 9th Dist. Lorain No. 03CA008271, 2003-Ohio-6587, ¶ 7, quoting *Minter v. Witt*, 82 Ohio St. 237, 238 (1910), quoting *Mills v. Green*, 159 U.S. 651, 653 (1895). "Actions are moot when they involve no actual genuine controversy which can definitely affect the parties' existing legal relationship." *Erie Ins. Group v. Meier*, 9th Dist. Wayne No. 07CA0012, 2007-Ohio-5602, ¶ 20, citing *Lingo v. Ohio Cent. R.R., Inc.*, 10th Dist. Franklin No. 05AP-206, 2006-Ohio-2268, ¶ 20. In this case, Sutton was ultimately able to obtain the appointment of a court reporter and perfect his appeal. Thus, no genuine controversy exists and the matter is moot.

{¶8} Sutton's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DENYING THE [CRIM.R.] 29 MOTION AS THE STATE FAILED TO MEET THE BURDEN OF PRODUCTION FOR THE CHARGE OF FAILURE TO STOP AT AN ACCIDENT AS APPELLANT MADE MULTIPLE PHONE CALLS TO POLICE AT THE SCENE OF THE ACCIDENT TO PROVIDE HIS NAME AND CONTACT INFORMATION.

{¶9} In his second assignment of error, Sutton argues that the trial court erred in denying his motion for a judgment of acquittal. This Court disagrees.

{¶10} Crim.R. 29(A) provides, in relevant part:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

{¶11} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶12} Sutton was convicted of one count of failure to stop after an accident in violation of R.C. 4549.02(A), which states in relevant part as follows:

(1) In the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision. The operator shall remain at the scene of the accident or collision until the operator has given the operator's name and address, and if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to all of the following:

(a) Any person injured in the accident or collision;

(b) The operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision;

(c) The police officer at the scene of the accident or collision.

R.C. 4549.02(B)(1) provides that whoever violates R.C. 4549.02(A) is guilty of failure to stop after an accident.

## Discussion

{¶13} In support of his Crim.R. 29 challenge, Sutton maintains that he complied with R.C. 4549.02(A)(1) when, prior to leaving the scene, he called police to report the accident and give his name and address. While Sutton concedes that he never provided his information to M.W. prior to leaving the scene, he suggests that the statute is ambiguous regarding whether it was actually necessary for him to provide his information to M.W. when he had already provided his information to police via telephone.

{¶14} As an initial matter, we note that Sutton discusses evidence presented by the State as well as evidence presented by the defense in support of his assignment of error. As Sutton challenges the trial court's denial of his motion for a judgment of acquittal, this Court's review will be limited to the evidence presented during the State's case in chief. *See State v. Green*, 9th Dist. Summit No. 29120, 2019-Ohio-4967, ¶ 14, fn. 2.

{¶15} A review of the record reveals that the State presented evidence supporting the following narrative. On September 21, 2017, M.W. was driving a concrete mixer through Medina Square when he was struck by Sutton's Dodge Neon. The collision occurred when Sutton attempted to pass M.W. on the right while M.W. was in the midst of making a left turn onto West Washington Street. As a result of the accident, the front bumper of M.W.'s cement mixer was bent forward significantly and Sutton's vehicle was damaged on the rear quarter panel on the driver's side.

{¶16} M.W. explained that after the collision, Sutton "accelerated past [M.W.], went around the outside to the front of [M.W.] and proceeded * * * in the same lane [M.W.] was in all the way to the intersection." The stop light at the intersection was red. Sutton exited his vehicle and approached M.W., who also exited his vehicle. Sutton started screaming, "Maintain your lane. Maintain your lane." After listening to Sutton scream for approximately 30 seconds, M.W. indicated that he was going to call the police. M.W. testified that it was necessary "[t]o get a police report because [Sutton] was obviously not going to exchange information with me. He was just going to be yelling and screaming at me." When M.W. said that he was going to contact police, Sutton got on his cell phone and walked back to his vehicle. Sutton parked his vehicle in a spot on the street. Sutton proceeded to walk around his vehicle and then walk in and out of a local business, all while on his cell phone. M.W. took photographs of the damaged vehicles while a

parking attendant who works in Medina Square called police. M.W. observed Sutton "cut through an alley between the buildings." M.W. never saw him again. Sutton did not provide his name and address to M.W. prior to leaving the scene.

{¶17} The State introduced Sutton's 911 call at trial. After providing his name and address, Sutton indicated that he left the scene as fast as he could because he was angry and he needed to get away from M.W., who was also angry. Sutton stated that he was calling police because he did not want to be considered as having left the scene of an accident. When the dispatcher asked if Sutton was able to go back to the scene to meet with the officer, Sutton responded in the negative but said he would meet with the officer at his home.

{¶18} Officer Kelly Moran responded to the scene about five minutes after Sutton left. M.W. provided his name and address to Officer Moran. Officer Moran was not able to make contact with Sutton at the scene in order to get his information. Officer Moran testified that police dispatch indicated that Sutton had called to report the accident. Officer Moran further learned that Sutton had walked to his house, which was approximately a half mile from the scene of the collision. Officer Moran went to Sutton's house. Another police officer was at the home when Officer Moran arrived. Upon engaging Sutton, Officer Moran noticed the odor of alcohol on Sutton's breath. Sutton insisted that he had the right of way and that he was not at fault for the collision. Officer Moran questioned Sutton's account of the collision given the nature of the damage to the vehicles. Although Sutton was initially cooperative, the conversation quickly deteriorated. Officer Moran testified that the encounter ended with Sutton slamming the door.

{¶19} Sutton's argument that he complied with R.C. 4549.02(A)(1) by calling police to give his name and address prior to leaving the scene is without merit. Under the plain language of R.C. 4549.02(A)(1), an individual who both owns and operates a motor vehicle involved in an

accident or collision on a public road, such as Sutton, must remain at the scene until the operator has given his or her name and address to all of the following: (1) any person injured during the accident or collision; (2) the operator of any motor vehicle damaged in the accident or collision; and (3) the police officer at the scene of the accident or collision. As noted by the Supreme Court, "[i]n 2016, the General Assembly amended R.C. 4549.02 and expanded the number of persons to whom an operator must provide the specified information. Prior to 2016, R.C. 4549.02, 2011 Sub.H.B. No. 5, required the operator to give the specified information to any of the individuals listed; the current version of the statute requires the operator to give the information to all of the listed individuals[.]" *State v. Bryant*, Slip Opinion No. 2020-Ohio-1041, ¶ 13. In this case, Sutton did not remain at the scene to provide his information. The State presented evidence that Sutton walked away from the scene of the accident without providing his information to M.W. Accordingly, the trial court did not err in denying Sutton's Crim.R. 29 motion.

{¶20} The second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED LEGAL ERROR IN ALLOWING TESTIMONY ABOUT ALCOHOL CONSUMPTION WHICH WAS SUBSTANTIALLY MORE PREJUDICIAL THAN PROBATIVE IN VIOLATION OF OHIO [EVID.R.] 403(A).

{¶21} In his third assignment of error, Sutton maintains that the trial court erred when it admitted testimony about his alcohol consumption at trial in violation of Evid.R. 403(A). This Court disagrees.

{¶22} Evid.R. 403(A) provides that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

**{¶23}** While Sutton acknowledges that evidentiary rulings are generally reviewed for an abuse of discretion, he suggests that a de novo review would be appropriate here because Evid.R. 403(A) speaks to mandatory exclusion. This Court remains "mindful that 'the exclusion of evidence under Evid.R. 403(A) is even more of a judgment call than determining whether the evidence has logical relevance in the first place.'" *State v. Thompson*, 9th Dist. Wayne No. 15AP0016, 2016-Ohio-4689, ¶ 25, quoting *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 40. Accordingly, we decline to depart from our established precedent of applying an abuse of discretion standard of review to Evid.R. 403(A) challenges. *See State v. Brewer*, 9th Dist. Lorain No. 14CA010608, 2016-Ohio-5366, ¶ 24; *State v. Norris*, 9th Dist. Lorain No. 14CA010699, 2015-Ohio-5180, ¶ 20.

**{¶24}** An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶25}** Prior to trial, the trial court heard arguments on Sutton's motion in limine requesting the exclusion of any evidence that he had consumed alcohol on the date of the incident. The State argued that evidence showing that Sutton had been drinking was relevant to his motive for leaving the scene as well as his credibility as a witness. Sutton maintained that any mention of alcohol would be unduly prejudicial because he was not charged with any alcohol-related offenses. The trial court denied the motion immediately prior to trial, but noted that the State could not introduce evidence of prior convictions and instead was limited to presenting evidence of observations of the defendant's condition during the incident.

**{¶26}** As noted above, Officer Moran testified that he smelled the odor of alcohol on Sutton's breath during their conversation at Sutton's home. Defense counsel objected to this testimony and the trial court overruled the objection. On cross-examination, defense counsel

questioned Officer Moran on why Sutton was not charged with any alcohol-related offenses and, additionally, why one week elapsed before Sutton was charged with a violation of R.C 4549.02(A)(1). Officer Moran explained that he sent his report to the prosecutor's office for an opinion on additional charges and he received a memorandum recommending a charged violation of R.C. 4549.02(A)(1).

{¶27} The parties stipulated to the introduction of Sutton's 911 call at the close of the State's case. During the call, Sutton indicated that he was frustrated and that he was going to have a beer at his home. When the dispatcher urged him to hold off on drinking until he spoke with an officer, Sutton insisted on having a beer. At one point, Sutton stated, "I am drinking a beer right now." Upon hearing that a police officer would soon be coming to his home to speak with him, Sutton responded, "Alright. I'm going to have a few beers."

{¶28} When Sutton testified in his own defense, defense counsel inquired as to whether he had been drinking on the date of the incident. Sutton responded that he did not drink at all prior to the collision. Sutton testified that he left the scene because he was "very upset" and he wanted to get away from what he perceived as a possibly dangerous situation with M.W. On cross-examination, the State asked about Sutton's statements regarding drinking during the 911 call. When asked whether he had a beer against the advice of the dispatcher, defense counsel objected on the basis "[t]his case is not about drinking or alcohol." The trial court overruled the objection. Sutton acknowledged that drinking was against the advice of the dispatcher but he noted that it was not illegal.

{¶29} Sutton contends on appeal that the evidence indicating that he was drinking on the date of the accident had little probative value, was unfairly prejudicial, and tainted the jury's view of him. Sutton further maintains that after the trial court denied his motion in limine and overruled

his objection to Officer Moran's testimony, defense counsel had no choice but to directly address the issue at later points in the trial, which resulted in further prejudice.

{¶30} The trial court did not abuse its discretion in permitting the State to introduce evidence of Sutton's alcohol consumption. Sutton's behavior immediately following the accident was at the heart of this matter. M.W. and Officer Moran testified that Sutton behaved erratically after the collision. Officer Moran's observation that he smelled the odor of alcohol on Sutton's breath had probative value with respect to Sutton's condition after the accident as well as his possible motivation for leaving the scene. *See State v. Dean*, 9th Dist. Summit No. 21613, 2004-Ohio-1415, ¶ 11 (concluding that evidence was admissible where the prejudice was outweighed by the probative value regarding the defendant's motive.). Sutton offered an alternative theory of the case, positing that he left the scene out of fear of M.W. and that he did not start drinking until after the accident. This narrative was fleshed out during Sutton's 911 call, which was admitted by a joint stipulation of the parties. Any discussion of Sutton's drinking thereafter was substantially relevant to resolving the credibility dispute between M.W. and Sutton. Under these circumstances, we cannot say that the trial court's admission of evidence pertaining to Sutton's alcohol consumption was unreasonable, arbitrary, or unconscionable.

{¶31} Sutton's final assignment of error is overruled.

III.

{¶32} Sutton's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

GREGORY HUBER, J. MATTHEW LANIER, MEGAN A. PHILBIN, and ROBERT CAMPBELL, Prosecuting Attorneys, for Appellee.