[Cite as *State v. Combs*, 2014-Ohio-2117.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                       :        CASE NO.   CA2013-08-008

                                                    :        O P I N I O N
    - vs -                                                       5/19/2014

                                                    :

ROY COMBS, JR.,                               :

    Defendant-Appellant.                    :


CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CR2012-2304


Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

Julie D. Steddom, 120 Main Street, Ripley, Ohio 45167, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, Roy Combs, Jr., appeals his conviction and sentence in the Brown County Court of Common Pleas for failure to provide notice of a change of address in violation of the notice requirements for sex offenders.

{¶ 2}   Appellant was convicted of gross sexual imposition and rape in 1989, and sent to prison.  Upon his release, appellant was adjudicated a sexual predator and notified of his duty to register as a sexually-oriented offender.  For several years thereafter, appellant

registered his address with Deputy Jennifer Johnson of the Brown County Sheriff's Office as required by R.C. Chapter 2950. Appellant submitted a registration form on November 7, 2012, which indicated he resided at "10329-Loveday, Rd., Hamersville, Ohio, 45130," an address he shared with his parents. Acting on information that a former parole officer familiar with appellant's history had noticed appellant's car in a motel parking lot, Sergeant Jamey Sininger found and arrested appellant on December 11, 2012, at the Greenwood Motel in Ripley, Ohio. Appellant had rented a room, residing there continuously since at least October of that year without notifying the sheriff's department.

{¶ 3} On December 20, 2012, appellant was indicted on one count of failure to provide notice of a change of address in violation of R.C. 2950.05(F)(2). He pled not guilty at his arraignment, and, after a hearing, was found competent to stand trial. On June 17, 2013, appellant waived his right to a jury, and the matter proceeded to a bench trial. The trial court found appellant guilty and sentenced him to 12 months in prison. Appellant now appeals his conviction and sentence, raising a single assignment of error:

{¶ 4} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, IN VIOLATION OF HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS, WHEN IT FOUND HIM GUILTY OF FAILING TO REGISTER A CHANGE OF ADDRESS AND THE EVIDENCE WAS NOT SUFFICIENT TO SUPPORT THE CONVICTION.

{¶ 5} Appellant asserts the state failed to satisfy its evidentiary burden for obtaining a proper conviction pursuant to R.C. 2950.05(F)(2). In support of his position, appellant cites cases from the Third and the Eighth Appellate Districts for the proposition that in order to obtain a conviction for a violation of R.C. 2950.05(F)(2), the state was required to prove that appellant no longer lived at his registered address. *See State v. Starkey*, 3d Dist. Auglaize No. 2-05-40, 2006-Ohio-6341, ¶ 34 ("[t]he state needed only to prove that Starkey was not living at the address he provided in his registration"); *State v. Beasley*, 8th Dist. Cuyahoga

No. 77761, 2001 WL 1152871, *2 (Sept. 27, 2001) ("[a]n address 'changes' when one no longer lives at that address"). He argues the evidence presented at trial was insufficient to support his conviction because although the state presented evidence with respect to his use of a room at the Greenwood Motel, it failed to prove that he was not living at his previously registered address on Loveday Road.

{¶ 6} Before considering appellant's challenge to the sufficiency of the evidence, we must first consider his interpretation of R.C. 2950.05. In effect, appellant argues that the statute permits him to maintain two or more residences as long as one of them is registered with the sheriff. This argument runs contrary to the text and the intent of R.C. Chapter 2950. We do not disagree with the conclusion that an individual has changed his address when he is no longer living at his registered address, but we note that this conclusion does not preclude other events from triggering the notice requirements under R.C. 2950.05, as well.

{¶ 7} R.C. 2950.05 outlines the process certain sex offenders must follow to keep local law enforcement informed of any changes in their address. R.C. 2950.05 provides, in relevant part:

> (A) If an offender * * * is required to register pursuant to division (A)(2), (3), or (4) of section 2950.04 or 2950.041 of the Revised Code * * * [he or she] shall provide notice of any change of residence, school, institution of higher education, or place of employment address, to the sheriff with whom the offender * * * most recently registered the address * * *.
>
> (B) If an offender * * * is required to provide notice of a[n] * * * address change under division (A) of this section * * * the offender * * *, at least twenty days prior to changing the * * * address * * * also shall register the new address * * * with the sheriff of the county in which the offender's * * * new address is located, subject to division (C) of this section. * * *
>
> (C) Divisions (A) and (B) of this section apply to a person who is required to register * * * regardless of whether the new * * * address is in this state or in another state. * * *
>
> * * *

(F)(1) * * *

(2) No person who is required to register a new * * * address with a sheriff * * * pursuant to divisions (B) and (C) of this section shall fail to register with the appropriate sheriff * * *.

* * *

(I) * * * "change of address" includes any circumstance in which the old address for the person in question no longer is accurate, regardless of whether the person in question has a new address.

Subject to limited exceptions for impossibility, if there are any changes in an offender's address – whether it be his residence, school, institution of higher education, or place of employment – the burden is on the offender to notify the appropriate sheriff's office. *State v. Lowry*, 12th Dist. Fayette No. CA2010-12-036, 2011-Ohio-2850, ¶ 24.

{¶ 8}   The text of R.C. 2950.05 strongly suggests that a "change of address" may be effected in many different ways.  R.C. 2950.05(A) requires the class of sex offenders to which it applies to notify the sheriff of "any" change of address.  The definition of "change of address" in R.C. 2950.05(I) demonstrates just how broadly R.C. 2950.05(A) is meant to apply: a change of address is not merely moving from one address to another, it is "any circumstance in which the old address for the person in question no longer is accurate * * *."

{¶ 9}   The address in question in the present case is the address of appellant's *residence*.  The legislature chose not to define *residence* as it is used throughout R.C. 2950.05, so we must construe the term with its everyday meaning to determine what might constitute a change of address for a residence.  *State v. Dorso*, 4 Ohio St.3d 60, 62 (1983).  Black's Law Dictionary provides a helpful distinction between the terms *residence* and *domicile*: "*Residence* usu[ally] just means bodily presence as an inhabitant in a given place; *domicile* usu[ally] requires bodily presence plus an intention to make the place one's home."  *Black's Law Dictionary* (9th Ed.2009).  (Emphasis in original.)  An individual can only have one domicile, but he can have more than one residence.  *Id.*; *State v. Sommerfield*, 3d Dist.

- 4 -

Union No. 14-05-23, 2006-Ohio-1420, ¶ 18 ("[t]hese are the commonly accepted definitions of the two terms").

{¶ 10} Given the broad meaning of "change of address" in R.C. 2950.05, we find that an offender's acquisition of a second residence may be a change of address that triggers the notice requirements under R.C. 2950.05. Registration of a single residence address gives rise to the impression that an offender has a single residence. Therefore, listing only one address is no longer accurate once an offender acquires a second residence because it gives rise to the mistaken impression that the offender has only a single residence.

{¶ 11} This interpretation is reinforced by an examination of the legislature's intent with respect to sex offender notice requirements. Through R.C. 2950.02(A), the Ohio legislature has declared that:

> (2) Sex offenders and child-victim offenders pose a risk of engaging in further sexually abusive behavior even after being released from imprisonment, a prison term, or other confinement or detention, and protection of members of the public from sex offenders and child-victim offenders is a paramount governmental interest.
>
> * * *
>
> (6) The release of information about sex offenders and child-victim offenders to public agencies and the general public will further the governmental interests of public safety and public scrutiny of the criminal, juvenile, and mental health systems as long as the information released is rationally related to the furtherance of those goals.

In other words, the legislature codified the sex offender notice requirements to protect the safety and general welfare of the people by providing adequate notice and information about offenders who choose to live, work, or go to school in or near particular neighborhoods. R.C. 2950.02(B); *see also State v. Cook*, 83 Ohio St.3d 404, 417 (1998). To suggest that an offender may maintain two or more residences, yet have a duty to register only one address or only one of the residences, is clearly contrary to the legislature's intent to protect the safety

- 5 -

of the inhabitants of a particular neighborhood by providing information about a sex offender residing nearby.

{¶ 12} Having determined that the acquisition of a second residence is a change of address that triggers the notice requirements under R.C. 2950.05, we may now turn to appellant's challenge to the sufficiency of the evidence. Challenges to the sufficiency of the evidence raise questions of law, not of fact. *State v. Kuczak*, 12th Dist. Warren No. CA2010-08-075, 2011-Ohio-50, ¶ 7, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In ruling on these questions, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Adams*, 12th Dist. Butler No. CA2006-07-160, 2007-Ohio-2583, ¶ 42, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "Proof beyond a reasonable doubt" is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs. R.C. 2901.05(E).

{¶ 13} After a thorough review of the record, we find that there was sufficient evidence by which the trial court could have found the elements of the crime proven beyond a reasonable doubt. With respect to proving a "change of address," the state presented ample evidence by which the trial court could have found beyond a reasonable doubt that appellant acquired a second residence that rendered his old address no longer accurate. The arresting officer, Sergeant Sininger, found appellant in a room registered to appellant at the Greenwood Motel, and testified that the room "looked like somebody would be living there." Sininger also collected numerous receipts from the motel indicating appellant had been renting this same room, Room 2, since at least October. Further, both the owner of the motel, Ricky Patel, and a longtime resident of the motel, William Redd, testified that they saw appellant's car in the motel parking lot every night for a number of months prior to his arrest.

{¶ 14} Even appellant's own testimony, when viewed in the light most favorable to the prosecution, suggested his use of the motel triggered the notice requirements of R.C. 2950.05. He testified that sometime in or around September of 2012 he began renting the room so that he could stop in, take a shower, and change clothes while he traveled around the area fishing and looking for another home to rent. Although he also testified that he never stayed in the room for 24 hours straight, it was nevertheless clear from the record that appellant spent significant time at the motel room.

{¶ 15} Additionally, through the state's introduction into evidence of appellant's sex offender registration form from November 7, 2012, and the testimony of Deputy Johnson, the trial court could have found beyond a reasonable doubt that appellant failed to meet the notice requirements of R.C. 2950.05. The form itself indicates that appellant's registered address was on Loveday Road in Hamersville, Ohio. Johnson testified that she personally accepted the registration form from appellant on November 7, and that she had no further contact with him until after his arrest. Moreover, there was no evidence in the record that appellant had notified anyone with the sheriff's office that he was renting a room at the Greenwood Motel in Ripley, Ohio, or that he attempted in any way to register this second address.

{¶ 16} Accordingly, appellant's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.