[Cite as *State v. Brewer*, 2016-Ohio-5366.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 14CA010608 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| PAUL B. BREWER | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 13CR087463 |

DECISION AND JOURNAL ENTRY

Dated: August 15, 2016

CARR, Judge.

{¶1}    Appellant, Paul Brewer, appeals the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}    On June 19, 2013, the Lorain County Grand Jury indicted Brewer on one count of failure to register a change of address in violation of R.C. 2950.05(F)(1).  Though Brewer pleaded not guilty to the charge at arraignment, he subsequently filed a competency motion and entered a plea of not guilty by reason of insanity.  Brewer also signed a waiver of his speedy trial rights.  After several months of pretrial proceedings, Brewer withdrew his NGRI plea and reinstated his plea of not guilty.  Brewer also withdrew his speedy trial waiver.  The matter proceeded to a jury trial.  Before the commencement of trial, Brewer moved to dismiss the indictment on the basis that his speedy trial rights had been violated.  The trial court denied this

motion. Brewer was subsequently convicted of the sole count in the indictment and the trial court imposed a two-year prison sentence.

{¶3} On appeal, Brewer raises three assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION
TO DISMISS BASED ON A VIOLATION OF HIS SPEEDY TRIAL RIGHTS.

{¶4} In his first assignment of error, Brewer contends that the trial court erred by denying his motion to dismiss on speedy trial grounds. This Court disagrees.

{¶5} When reviewing an appellant's claim that he was denied his right to a speedy trial, an appellate court applies a de novo standard of review. *State v. Gaines,* 9th Dist. Lorain No. 00CA008298, 2004-Ohio-3407, ¶ 9. "The Supreme Court of Ohio has found that the statutory speedy trial provisions set forth in R.C. 2945.71 are coextensive with Ohio and federal constitutional speedy trial provisions." *Gaines* at ¶ 9, citing *State v. O'Brien*, 34 Ohio St.3d 7 (1987), paragraph one of the syllabus.

{¶6} R.C. 2945.71(C)(2) states that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." "[E]ach day during which the accused is held in jail in lieu of bail on the pending charges shall be counted as three days." R.C. 2945.71(E). "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by [R.C. 2945.71]." R.C. 2945.73(B).

{¶7} An accused may waive his or her speedy trial rights as long as the waiver is knowingly and voluntarily made. *State v. Kovacek*, 9th Dist. Lorain No. 00CA007713, 2001 WL 577664, *4 (May 30, 2001). While a waiver may be limited in duration, a written waiver that

expressly waives the defendant's right to a speedy trial under the statute without mentioning specific time periods is considered to be unlimited in duration. *State v. Troutman*, 9th Dist. Lorain No. 09CA009590, 2010-Ohio-39, ¶ 24, citing *State v. Skorvanek*, 9th Dist. Lorain No. 08CA009399, 2009-Ohio-3924, ¶ 13. "This Court has further held that, 'when a waiver fails to include a specific date as the starting point for the tolling time, the waiver is deemed to be effective from the date of arrest.'" *Skorvanek* at ¶ 13, quoting *State v. Bray*, 9th Dist. Lorain No. 03CA008241, 2004-Ohio-1067, ¶ 8. "Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." *O'Brien*, 34 Ohio St.3d 7, at paragraph two of syllabus; *Bray* at ¶ 8. It follows that "once an accused revokes his unlimited waiver, the strict requirements of [R.C. 2945.71 et seq.] no longer apply." *Troutman* at ¶ 24, quoting *Skorvanek* at ¶ 14.

{¶8} In this case, Brewer was arrested in Massachusetts on August 26, 2013. On September 9, 2013, the trial court issued a journal entry which read, "Defendant waives statutory time for speedy trial pursuant to R.C. 2945.71 et seq." Both Brewer and the trial judge signed the waiver. On December 6, 2013, at the time Brewer filed a notice of withdrawal of his NGRI plea, Brewer notified the trial court that he was withdrawing his speedy trial waiver and re-instating his original plea of not guilty. At Brewer's request, trial was scheduled for February 5, 2014. Due to a previously scheduled capital murder, the trial court rescheduled Brewer's trial for March 10, 2014. When the parties appeared on that date, Brewer moved to dismiss the indictment on speedy trial grounds. The trial court promptly denied the motion, noting that

Brewer was brought to trial in a reasonable amount of time given that holding a trial in February was not possible due to scheduling conflicts.

{¶9} On appeal, Brewer argues that the waiver he signed on September 9, 2013, is unenforceable because it appeared on a standardized pretrial form produced by the Lorain County Court of Common Pleas. Brewer contends the waiver he signed is akin to an unenforceable adhesion contract, meaning that the only tolling event that occurred in this case was the filing of his NGRI plea. This Court has previously held that a form journal entry with identical language constituted a valid speedy trial waiver of unlimited duration. *Skorvanek*, 2009-Ohio-3924, ¶ 19. Brewer signed his name directly below the waiver language that was written in all capital letters. *See Troutman*, 2010-Ohio-39, ¶ 23. The form's legitimacy is further reinforced by the fact that Brewer filed a written withdrawal of his speedy trial waiver on December 6, 2013, and he refused to sign the waiver portion of the form from that point forward. *Id*. Under these circumstances, Brewer's contention that his waiver was unenforceable is without merit.

{¶10} Brewer further contends that the triple count provision set forth by R.C. 2945.71(E) was in effect in this case and that the State failed to bring him to trial within the 90-day window. As noted above, Brewer was arrested on August 26, 2013, and he signed a speedy trial waiver shortly thereafter. While he subsequently filed a written withdrawal of his waiver, we are mindful that the strict requirements of R.C. 2945.71 were no longer applicable after the time of his withdrawal and the State was required to bring Brewer to trial in a reasonable time. *O'Brien*, 34 Ohio St.3d 7, at paragraph two of syllabus; *Bray* at ¶ 8. When Brewer withdrew his waiver on December 6, 2013, the trial court promptly scheduled the final pretrial for January 16, 2014, and set the trial date on February 6, 2014. Given that the pretrial proceedings up to that

point had focused on competency issues relating to Brewer's NGRI plea, the trial schedule set forth by the trial court was exceedingly reasonable. While Brewer was not brought to trial until March 10, 2014, that was due to the fact that the trial court had previously scheduled a capital murder case for trial in February 2014. A trial court may continue a trial date without violating a defendant's right to a speedy trial if the purpose and length of the continuance are reasonable. *State v. Meyers*, 9th Dist. Summit Nos. 23864, 23903, 2008-Ohio-2528, ¶ 39. Here, the trial court's need to resolve the capital murder case was reasonable and resulted in only a minimal delay for Brewer.

{¶11} As Brewer was brought to trial within a reasonable time after he withdrew his speedy trial waiver, the first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S CRIM.R. 29 MOTION FOR ACQUITTAL BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT APPELLANT CHANGED HIS ADDRESS.

{¶12} In his second assignment of error, Brewer contends that the trial court erred by denying his Crim.R. 29 motion for acquittal. This Court disagrees.

{¶13} In support of his assignment of error, Brewer contends that the trial court considered improper evidence when ruling on his Crim.R. 29 motion. Brewer further maintains that, regardless of the admissibility of the State's evidence, the State did not prove that Brewer violated the sex offender reporting requirements mandated by R.C. 2950.05(F)(1).

{¶14} "R.C. 2950.05(A) requires the class of sex offenders to which it applies to notify the sheriff of 'any' change of address." *State v. Combs*, 12th Dist. Brown No. CA2013-08-008, 2014-Ohio-2117, ¶ 8. In this case, Brewer was convicted of failing to register a change of address in violation of R.C. 2950.05(F)(1), which states, "No person who is required to notify a

sheriff of a change of address pursuant to division (A) of this section * * * shall fail to notify the appropriate sheriff in accordance with that division." R.C. 2950.05(I) provides that "change of address" encompasses "any circumstances in which the old address for the person in question no longer is accurate, regardless of whether the person in question has a new address."

{¶15} Crim.R. 29(A) provides, in relevant part:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

{¶16} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶17} The State presented the following evidence at trial. In 2005, Brewer was convicted of sexual battery in violation of R.C. 2907.03. Consequently, Brewer was required to comply with Ohio's sex offender reporting requirements for a period of ten years. On December 21, 2012, Brewer registered that he was residing at 1915 West 21st Street, Lorain, Ohio. Deputy Deborah Hurlburt of the Lorain County Sheriff's Department verified that Brewer had given the correct address. Due to an unrelated matter, Officer Richard Rhines of the Ohio Department of

Rehabilitation and Correction began supervising Brewer in 2012. Brewer was scheduled to report for a meeting with Officer Rhines on March 19, 2013. When Brewer failed to report for a meeting, Officer Rhines spent the next six weeks attempting to locate Brewer. Officer Rhines testified that Brewer was declared "at large" on May 2, 2013.

{¶18} Kenneth Weisman, Brewer's landlord at the West 21st Street address, testified that he rented Brewer an apartment in 2012. Due to a failure to pay rent, Weisman served Brewer with a "notice to leave premises" on April 7, 2013, and asked him to be out of his apartment three days later. Weisman and Brewer reached an agreement where Brewer could stay an additional month in exchange for the security deposit. Weisman did not see Brewer at the apartment in May 2013, and, approximately one month later, he disposed of the items remaining in Brewer's apartment.

{¶19} On May 29, 2013, Officer Rhines contacted Deputy Hurlburt after learning that Brewer was in Boston, Massachusetts. The following day, Deputy Hurlburt went to the West 21st Street address in Lorain and confirmed that Brewer was not there. At that point, the Adult Parole Authority placed a holder on Brewer and he was eventually extradited back to Ohio. Deputy Hurlburt testified that while she could not locate Brewer at the West 21st Street, Brewer never registered a change of address.

{¶20} Brewer contends that this Court should not consider Officer Rhines' testimony in analyzing the sufficiency of the evidence due to the fact that, in Brewer's view, it was admitted in violation of Evid.R. 403 and Evid.R. 404. However, whether this testimony was properly admitted is irrelevant as this Court has recognized that "an appellate court must consider all of the evidence presented by the State in evaluating the sufficiency of the evidence, even if the evidence was improperly admitted by the trial court." *State v. Sadeghi*, 9th Dist. Wayne No.

14AP0051, 2016-Ohio-744, ¶ 22, citing *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 19; *Lockhart v. Nelson*, 488 U.S. 33, 34 (1988). Accordingly, we will consider all of the evidence presented by the State in evaluating whether the trial court erred in denying Brewer's Crim.R. 29 motion.

{¶21} The evidence presented at trial, when construed in the light most favorable to the State, was sufficient to demonstrate Brewer failed to comply with the sex offender reporting requirements. Brewer was required to notify the sheriff of any change of address. R.C. 2950.05(F)(1). Though Brewer suggests that the evidence is unclear as to whether he had an "intent to return," R.C. 2950.05(I) makes clear that "change of address" includes "any circumstances in which the old address for the person in question no longer is accurate, regardless of whether the person in question has a new address." Here, the evidence showed Brewer failed to pay his rent at his apartment in Lorain and, in early April 2013, he was given one month to vacate the premises. The evidence further showed that Brewer's parole officer was unable to locate Brewer at that address from March 19 to May 2, 2013, and Brewer's landlord did not see Brewer at the apartment during the entire month of May. Despite never registering a change of address, Brewer was located in Boston, Massachusetts, later that month. The aforementioned evidence was sufficient to demonstrate that Brewer was no longer residing at the Lorain apartment and that he failed to notify the sheriff that that address was no longer accurate, in violation of R.C. 2950.05.

{¶22} The second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY ALLOWING TESTIMONY THAT WAS SUBSTANTIALLY MORE PREJUDICIAL THAN PROBATIVE PERTAINING TO APPELLANT'S REGISTRATION OBLIGATIONS.

{¶23} In his third assignment of error, Brewer contends that the trial court violated Evid.R. 403(A) and Evid.R. 404(B) by allowing Officer Rhines to testify that Brewer was on post-release control at the time of the alleged offense. Brewer contends that Officer Rhines' testimony served only to confuse the jury and paint Brewer in a negative light. This Court disagrees.

{¶24} Evid.R. 403(A) states that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 404(B) provides that "[e]vidence of other crimes * * * is not admissible to prove the character of a person in order to show action in conformity therewith." The decision to admit or exclude evidence at trial lies within the sound discretion of the trial court. *State v. Stover*, 9th Dist. Wayne No. 13CA0035, 2014-Ohio-2572, ¶ 7. An abuse of discretion indicates that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶25} A review of the trial transcript reveals that the State attempted to lay a foundation for Officer Rhines' testimony by asking how he was familiar with Brewer. Officer Rhines explained that he was assigned to supervise Brewer while Brewer was on post-release control for an unrelated escape conviction. Officer Rhines stated that Brewer was required to meet certain conditions, including reporting to Officer Rhines for a number of meetings. Defense counsel objected on the basis that testimony regarding sanctions for an unrelated offense was irrelevant and unduly prejudicial. After a lengthy discussion outside the presence of the jury, the trial court instructed the jury that Brewer's alleged escape conviction was immaterial to the current case, stating "We're not here to say whether [Brewer] was convicted of an escape and therefore had to report to [Officer Rhines]." The trial court further stated that Officer Rhines could only testify

regarding his personal knowledge of Brewer's whereabouts at any particular point in time. In conclusion, the trial court stated, "So with that you may ask your next question, but anything regarding parole violations or potential parole violations are to be disregarded and stricken from this case. It might pertain to another case sometime about parole violations, but not this case[.]"

{¶26} The trial court did not abuse its discretion by issuing a limiting instruction to the jury and permitting Officer Rhines' to testify about his personal knowledge of Brewer's whereabouts. In response to defense counsel's objection, the trial court instructed the jury that the testimony about Brewer's escape conviction, as well as any sanctions relating to that conviction, was irrelevant to this matter. The trial court further ordered that the testimony was to be stricken from the record. The limiting instruction "minimized the likelihood of any undue prejudice regarding the jury's consideration of [Officer Rhines'] testimony." *State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, ¶ 194. Moreover, "[a] presumption exists that the jury has followed the instructions given to it by the trial court." *Id.*, quoting *State v. Murphy*, 65 Ohio St.3d 554, 584 (1992). After the trial court gave the limiting instruction, Officer Rhines was not permitted to offer any additional testimony about the escape charge or the details of Brewer's post-release control. Under these circumstances, where the trial court limited Officer Rhines' testimony to his personal knowledge of Brewer's whereabouts, the trial court did not abuse its discretion in admitting Officer Rhines' testimony.

{¶27} Brewer's third assignment of error is overruled.

### III.

{¶28} Brewer's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.